Reed, Appellant, *v.* Philadelphia et al.

Argued February 1, 1933. Before FRAZER, C. J., KEP-HART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Robert Dechert,* of *Dechert, Bok & Smith,* with him *Owen Brooke Rhoads,* for appellant.—A pedestrian need only avoid such dangers as an ordinarily prudent person would notice and that in avoiding such dangers it is not

necessary for the pedestrian to keep his eyes glued to the ground in order to see the place for every step: Robb v. Boro., 137 Pa. 42; Marsh v. Ry. Co., 260 Pa. 536; Lerner v. City of Phila., 221 Pa. 294; Greene v. Phila., 279 Pa. 389; Wertz v. Williamsport, 67 Pa. Superior Ct. 156.

A pedestrian in crossing a public street may cross at any convenient place: McIlhenny v. Phila., 214 Pa. 44.

A choice of routes only arises in those cases where plaintiff knew of both ways and knew the dangers of each: Cousins v. Boro., 54 Pa. Superior Ct. 136; Stokes v. Twp., 187 Pa. 333.

*Harry S. Platowsky*, with him *John J. K. Caskie*, Assistant City Solicitors, *David J. Smyth*, City Solicitor, and *C. Brewster Rhoads*, for appellees, cited: Robb v. Boro., 137 Pa. 42; Lerner v. Phila., 221 Pa. 294; Watts v. Boro., 255 Pa. 185; Montgomery v. Phila., 270 Pa. 346; Lane v. Dickinson, 276 Pa. 306; Gryning v. Phila., 269 Pa. 277.

OPINION BY MR. JUSTICE SCHAFFER, April 24, 1933:

The court below refused to take off a nonsuit entered because of plaintiff's contributory negligence. From this action she appeals.

About ten o'clock at night plaintiff was walking west on the south side of Walnut Street in Philadelphia. Midway between Broad Street and Fifteenth Street a private driveway known as Bellevue Court enters Walnut Street from the south. When plaintiff reached this driveway she turned north, intending to cross Walnut Street. She gave a general look into the roadway of Walnut Street, then looked east to observe traffic thereon (there was none approaching), took three or four steps without giving further observation to where she was stepping, put her foot in a hole in the street and was injured. Her own description of what she did is, "I stepped from the sidewalk into Bellevue Court drive,

then I turned to cross and then kept on going and looking east on Walnut Street." She answered the question whether she proceeded to go across without looking again into the street, "I was looking at the traffic"; and replied "Yes" to the further question whether, while looking to see if there was any traffic coming, she stepped into the hole. In answer to the question, "From the time you looked down the street, and then looked again down Walnut Street, I presume that you continued to walk north while looking east, is that right?" she said, "Yes, I did."

Walnut Street between Broad and Fifteenth Streets is in the heart of Philadelphia. It is well lighted. In addition to the street lights, there were lights from a shop window. It is contended on behalf of the plaintiff that the intersection of Bellevue Court and Walnut Street was dark. She herself said, when interrogated as to whether it was so dark that she could not see a defect two or three steps in front of her, that she could not say whether it was or was not. She described the night as a gray, not a bright, clear night, but said there was no mist or haze. One of her witnesses, thoroughly familiar with the scene of the accident, superintendent of a building on Bellevue Court, admitted that a pedestrian looking down would have seen the hole in the street. Another witness called by her, also thoroughly familiar with the situation, said, "If you looked down you could see it [the hole]." Answering the question, "There would be no difficulty if you looked?" he said, "Not if you looked." We are impressed from a reading of the record that the plaintiff was more intent upon watching traffic than upon watching her steps. She was bound in order to prudently safeguard herself to survey all the ground where she was intending to step; otherwise, she would step without knowing what she was walking into. A person cannot be said to be exercising due care who looks in one direction and walks in another: Robb v. Connellsville, 137 Pa. 42.

There is another angle of the case which plays an important part. Plaintiff did not cross the street at the crossings provided for pedestrians, but midway in the block. She gave as her reason for crossing that she preferred to walk on the north side. There were regular crossings at Broad Street and at Fifteenth Street. Crossing where she did, she should have been more vigilant than if she had done so at the places provided. "Pedestrians in going from one side of the street to the other are not confined to the regular crossings at the intersections, but may cross at any point according to their convenience. But in so doing they are bound to exercise care according to the circumstances, and especially bound to the alert and watchful performance of the duty of all travelers on all highways to look where they are going": McIlhenny v. Phila., 214 Pa. 44, 45. "A pedestrian has the right to cross over a public street at any point he elects, but where a convenient crossing has been provided, it is his duty to adopt such crossing unless he has reasonable ground for rejecting it. Where he does reject it and adopts another way, for no adequate reason, he assumes the risk of every danger arising out of municipal neglect that would have been avoided had he used the established crossing": Watts v. Boro. of Plymouth, 255 Pa. 185; Montgomery v. Phila., 270 Pa. 346.

The court properly entered a nonsuit under the law as applied to the facts before it.

The judgment is affirmed.