Costello *v.* Wyss, Inc. et al., Appellants.

Argued March 19, 1963. Before Rhodes, P. J., Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ.

*Bernard P. Carey, Jr.*, for appellants.

*Donald M. Collins*, with him *Oliver, Macartney & Collins*, for appellee.

Opinion by Wright, J., April 18, 1963:

Ellen C. Costello filed a complaint in trespass against Wyss, Inc., a Pennsylvania corporation, Her-

bert H. Youtie, an individual, and Playtown Park, a partnership, to recover damages for personal injuries sustained when she tripped and fell in a parking lot adjoining defendants' amusement park. The jury returned a verdict in favor of the plaintiff in amount of $5,000.00. The defendants filed timely motions for a new trial, and for judgment n.o.v. The motion for a new trial was subsequently withdrawn. The motion for judgment n.o.v. was dismissed by the court en banc, and judgment was entered on the verdict. This appeal followed. The factual situation appears in the following excerpt from the opinion below:

"On July 11, 1959, plaintiff, Ellen C. Costello, visited an amusement park located in Springfield, Delaware County, which amusement park was owned and operated by the defendants. She was accompanied by her cousin, his wife and their two children. Plaintiff drove the group to the amusement park in her car and arrived at about 7:00 p.m., while it was still daylight. She parked her car in the parking lot located south of the amusement area, and entered the amusement area where she remained until approximately 9:30 p.m. While returning to her car in the parking lot she tripped over a railroad tie which was located between two parked cars, and sustained certain injuries . . .

"The evidence presented at the trial when considered in the light most favorable to the plaintiff shows that plaintiff, while it was still daylight, parked her car in the second row of the parking lot, about 100 feet from the gate to the amusement area; that the color of the parking lot surface was black; that in getting out of her car she noticed a railroad tie which she stepped onto and walked to the rear of her car into one of the aisles of the parking lot; that she did not notice any other railroad ties or empty spaces in the parking lot; that she left the amusement area at about 9:30

p.m. at which time it was cloudy and starting to rain; that the parking lot was dimly lighted; that although she did not notice any lights specifically provided for the parking lot itself there was some light coming from the bright lights in the amusement area; that she left the amusement area by the same gate she had entered; that she turned right and walked down the first aisle of the parking lot; that as she walked down the aisle the light there was dim; that she did not notice any empty spaces in the first row of parked cars; that in order to get to her car parked in the second row she turned to walk between two cars parked in the first row of cars; that these two cars were approximately two feet apart; that as she got about half-way into the path between the two parked cars she tripped over a dark brown railroad tie which was approximately 8 inches square and 8 feet in length; and that the lighting in the path between the two cars was dimmer than in the aisle of the parking lot".

Appellants raise two questions on this appeal. They first contend that Miss Costello, now Mrs. Ellen C. Sorrentino, was guilty of contributory negligence. They contend secondly that failure to warn a business invitee of a condition that is obvious and known to the invitee is not an act of negligence on the part of a landowner. It seems logical to consider these contentions in reverse order. We are of course required to view the evidence in the light most favorable to the verdict winner: *Rogers v. Binkham,* 200 Pa. Superior Ct. 312, 188 A. 2d 821.

I. The only two authorities cited in support of appellants' contention that they were not negligent are *Bream v. Berger,* 388 Pa. 433, 130 A. 2d 708, and *Rogers v. Max Azen, Inc.,* 340 Pa. 328, 16 A. 2d 529. These cases were actually decided on the ground that the plaintiff in each was guilty of contributory negligence. Appellants argue that Miss Costello had prior

knowledge of the presence of railroad ties on the parking lot and that "the exercise of even the slightest degree of care for her own safety would have disclosed the existence of *one* of these railroad ties". However, the record discloses that the entire parking lot was not divided by ties, nor were the ties placed in a regular pattern. They were not secured to the surface of the lot in any way, in consequence of which fact some of them had been pushed around at odd angles. On her previous visit to the amusement grounds Miss Costello had parked her car in a portion of the lot which did not have dividers between the parking spaces.

It is incumbent upon the owner of premises on which persons come by invitation, expressly or implied, to maintain such premises in a reasonably safe condition for the contemplated uses thereof and the purposes for which the invitation was extended: *Strout v. American Stores Co.*, 385 Pa. 230, 122 A. 2d 797. Although the owner is not an insurer, he must give warning of any unsafe condition: *Schaff v. Meltzer*, 382 Pa. 43, 144 A. 2d 167. A possessor of property owes a business visitor a duty to maintain the premises in a reasonably safe condition for the contemplated uses thereof and for the purposes for which the invitation was extended or to warn the visitor of the existence of a dangerous condition on the premises of which the possessor has knowledge: *Hallbauer v. Zarfoss*, 191 Pa. Superior Ct. 171, 156 A. 2d 542. In the case at bar we are clearly of the opinion that the question of appellants' negligence was for the jury. The jury was warranted in finding that the presence of the dark ties on the black surface of the parking lot, without adequate lighting, did constitute an unsafe condition, and that appellants were negligent in maintaining such a condition without warning or notice.

A somewhat similar factual situation was presented in *Vardzel v. Dravo Corp.*, 402 Pa. 19, 165 A. 2d 622,

which also involved a fall in a parking lot. In that case there was sufficient light for the plaintiff to see his way into the lot and along a passageway to the row in which his car was parked, but from there on it got darker as he proceeded, so that he did not see, and tripped over, a log which was lying beside his car. In holding that the questions of negligence and contributory negligence were for the jury, Mr. Justice Bok made the following pertinent statement: "It was admitted that there were no guards or attendants on the lot, and hence the failure to provide adequate light and to keep the logs from wandering either created or allowed a condition in which it was foreseeable that mischance could occur".

II. Appellants' principal contention is that Miss Costello walked into a "completely darkened area" of the parking lot, without reasonable necessity and without looking where she was walking, at a time when there existed an alternate way to reach her destination in safety. In actions of this nature, it is the plaintiff's duty to make out a case free from contributory negligence. When this is done, the burden of proving contributory negligence is on the defendant: *McCracken v. Curwensville Borough,* 309 Pa. 98, 163 A. 217. And see *Brown v. Jones,* 404 Pa. 513, 172 A. 2d 831. As pointed out by Judge Curran for the court below, the controlling factors in determining the question of contributory negligence in the instant case are the degree of darkness and the justification for Miss Costello's presence at the place of injury. A person who is not a trespasser and who has some fairly compelling reason for walking in a place which, though dark, is not utterly devoid of light, will not be declared contributorily negligent as a matter of law: *Dively v. Penn-Pittsburgh Corp.,* 332 Pa. 65, 2 A. 2d 831.

Appellants quote various excerpts from Miss Costello's testimony on direct and cross-examination, and

point to allegedly contradictory statements in an effort to demonstrate that she was well aware of the existence of the railroad ties, that she could have returned to her car by a safe route, and that, in walking between the parked cars, she entered into an area of complete darkness. Conceding, arguendo, that some of Miss Costello's statements may have indicated negligence, other testimony on her part supports an opposite conclusion. Where in one part of a plaintiff's testimony he is entitled to have his case submitted to the jury, and in another he is not, it is for the jury to reconcile the conflicting statements: *Stevenson v. Pennsylvania Sports and Enterprises,* 372 Pa. 157, 93 A. 2d 236. See also *Cohen v. Food Fair Stores,* 190 Pa. Superior Ct. 620, 155 A. 2d 441.

Appellants rely chiefly on *Ellis v. Drab,* 373 Pa. 189, 94 A. 2d 189. In that case the plaintiff was held to be contributorily negligent as a matter of law because he was descending a stairway in complete darkness. In *Bailey v. Alexander Realty Co.,* 342 Pa. 362, 20 A. 2d 754, also cited by appellants, the plaintiff blindly walked into an open elevator shaft. In *Komlo v. Balazick,* 169 Pa. Superior Ct. 296, 82 A. 2d 706, also cited, the plaintiff was injured in attempting to return to his car parked in a portion of the highway which had been vacated and was entirely unlighted. In the case at bar the parking lot was not completely dark. Miss Costello was looking where she was going but, because of the dim lighting, she did not see the railroad tie which was between the two parked cars. The jury could properly find that, although there was sufficient light for her to see generally, the illumination was so dim as to cast shadows between the cars, and that this misled Miss Costello into believing that there was a safe passageway for her to use.

In *Falen v. Monessen Amusement Co.,* 363 Pa. 168, 69 A. 2d 65, a parking lot case, Mr. Justice (later Chief

Justice) JONES made the following statement which is particularly relevant in the instant factual situation: "Between light and darkness there are varying degrees or shades of light whereunder a question of contributory negligence, because of a failure to see distinctly, necessarily becomes a matter for a jury to determine ... Here, the jury was warranted in finding that, while the light was sufficient to enable Mrs. Falen to see, and that she did see, it was also so dim as to deceive her into mistaking the top of the retaining wall for the curb of a sidewalk ... Under the evidence in the case, the jury was justified in finding that Mrs. Falen had a 'fairly compelling reason for walking in a place which, though dark, [was] not utterly devoid of light'. She was rightfully on the parking lot and chose as a way of egress what appeared to her in the dim light to be a safe course. In such circumstances, contributory negligence as a matter of law may not be declared ... Nor is she to be charged with having chosen an unsafe way out of the lot when she knew of a safe course to the theater entrance ... There is nothing in the evidence to charge Mrs. Falen with knowledge, prior to the happening of the accident, that what appeared to her in the semi-darkness to be a sidewalk was not in fact a sidewalk. To say, in such circumstances, that she chose an unsafe way of leaving the lot in preference to a safe one would be to use the eventuality of her choice, i.e., the mere happening of the accident, as proof that she was negligent".

The case of *Scurco v. Kart,* 377 Pa. 435, 105 A. 2d 170, cited by appellants, does not support their position. Although a plaintiff is guilty of contributory negligence if he proceeds in absolute darkness without reasonable necessity, it was held in the *Scurco* case that the plaintiff has proceeded in a place which, though dark, was not utterly devoid of light, and that there was a fairly compelling reason for walking there. In

that case plaintiff's motion to take off a nonsuit had been refused in the lower court. Our Supreme Court reversed on the ground that the questions of negligence and contributory negligence were for the jury. We have examined *McCreery v. Westmoreland Farm Bureau,* 357 Pa. 567, 55 A. 2d 399, *Reed v. Philadelphia,* 311 Pa. 283, 166 A. 891, and *White v. Harrisburg,* 342 Pa. 556, 20 A. 2d 751, also cited by appellants. These cases can be readily distinguished on their facts, and are not here controlling.

In conclusion, contributory negligence may be declared as a matter of law only when it is so clearly revealed that fair and reasonable persons cannot disagree as to its existence: *Brodsky v. Bockman,* 197 Pa. Superior Ct. 94, 176 A. 2d 924. Cf. *Enfield v. Stout,* 400 Pa. 6, 161 A. 2d 22. The question of contributory negligence must be submitted to the jury "if reasonable doubt exists as to the inferences that may be drawn from the oral evidence": *Weidemoyer v. Swartz,* 407 Pa. 282, 180 A. 2d 19. We are all of the opinion from our examination of this record that Miss Costello may not be declared guilty of contributory negligence as a matter of law. The court below properly submitted that question to the jury.

Judgment affirmed.