Opinion by
 

 Wrigiít, J.,
 

 On November 16, 1961, about two o’clock P.M., at the intersection of Route 222 with Schoeneck Road in Lancaster County, there was a collision between automobiles owned and operated by Edgar J. Wilhelm and James L. Vest, respectively. Wilhelm instituted a trespass action against Vest which was heard by Honorable William G. Johnstone, Jr., and a jury. After a two-day trial the jury returned a verdict in favor of Wilhelm in the amount of $2,216.52. Vest filed a motion for a new trial, subsequently abandoned, and a motion for judgment n.o.v. The latter motion was dismissed by the court below, and judgment was entered on the verdict. This appeal by Vest followed. Viewing the evidence in the light most favorable to the verdict winner,
 
 Costello v. Wyss, 200
 
 Pa. Superior
 
 Ct 568,
 
 
 *75
 
 190 A. 2d 170, our examination of this original record reveals the following factual situation:
 

 Route 222 is a heavily traveled two-lane concrete highway, the paved portion being twenty-two feet wide, running generally north and south between Reading and Lancaster. Schoeneck Road is a two-lane blacktop highway, the paved portion being eighteen feet wide, running generally east and west, and crossing Route 222 north of Ephrata. At the intersection in question there are stop signs regulating traffic on Schoeneck Road. Wilhelm was proceeding south on Route 222, and Vest was proceeding west on Schoeneck Road. The weather was overcast, but the highway surfaces were dry. As Wilhelm approached the intersection, his view to the left or east was somewhat obstructed by a high embankment. He looked first to his right and then to his left, and saw nothing. As he entered the intersection he again looked to his left and saw Vest’s car about five feet away. The actual impact occurred two feet from the center line in the southbound lane of Route 222. The property damage was at the front of Vest’s car and at the left side of Wilhelm’s car. Wilhelm’s automobile careened to the right and came to a stop against a utility pole at the southwest corner of the intersection.
 

 Appellant does not assert that he was free of negligence. In fact, it is stated in the opinion below that the defendant “concedes his negligence”. Appellant’s contentions are, first, that Wilhelm was guilty of contributory negligence as a matter of law, and second, that Wilhelm’s damages were principally due to striking the utility pole which he could and should have avoided. We perceive no merit in either contention.
 

 (1) In negligence cases, it is plaintiff’s duty to make out a case free from contributory negligence; when this is done, the burden of proving contributory negligence is on the defendant:
 
 Costello v. Wyss,
 
 supra,
 
 *76
 
 200 Pa. Superior Ct. 568, 190 A. 2d 170. And see
 
 Brown v. Jones,
 
 404 Pa. 518, 172 A. 2d 831. The question of contributory negligence should not be taken from the jury’s consideration except in a clear case, and only where the contributory negligence is so plainly revealed that reasonable minds cannot legitimately differ as to its existence:
 
 G-regorious v. Safeway Steel Scaffolds
 
 Cov 409 Pa. 578, 187 A. 2d 646;
 
 Skoda v. West Penn Power
 
 Co411 Pa. 323, 191 A. 2d 822. The driver on a through highway may properly assume that persons approaching on intersecting roads will obey a stop sign and yield the right-of-way:
 
 Cericola v. Redmon,
 
 182 Pa. Superior Ct. 19, 124 A. 2d 417. And see
 
 Taylor v. Mountz,
 
 387 Pa. 321, 127 A. 2d 730. The cases cited in appellant’s brief
 
 [1]
 
 are readily distinguishable on their facts. When a motorist driving on a through highway sees no vehicle approaching on an intersecting road and proceeds into the intersection where he is struck by a vehicle entering the intersection from the motorist’s left, against a stop sign, the questions of negligence and contributory negligence are for the jury. Cf.
 
 Kline v. Kachmar,
 
 360 Pa. 396, 61 A. 2d 825. Upon the evidence in this record we are all of the opinion that the trial judge could not properly have declared Wilhelm guilty of contributory negligence as a matter of law.
 

 (2) Appellant’s second contention is based primarily on Wilhelm’s statement upon cross-examination that, after the collision, he “could have gone straight ahead down the highway”. A sufficient answer to this contention appears in the following language of Mr. Justice Musmanno in
 
 Hogg v. Muir,
 
 383
 
 *77
 
 Pa. 413, 119 A. 2d 53: “The law covering automobile collisions is not so microscopically precise that a decision of nonsuit can be based on what flashes through a person’s mind in the matter of one-eleventh of a second. Certainly where so lightning an instant is to be the criterion of decision, reasonable minds could well differ as to the meaning to be imparted to the action, and therefore it is the jury, and not the Court, which determines whether the individual involved acted in a reasonably prudent manner under the circumstances”.
 

 Judgment affirmed.
 

 [1]
 

 Favino v. Myers,
 
 164 Pa. Superior Ct. 445, 65 A. 2d 689;
 
 Schall v. Penn Transit Co., 352
 
 Pa. 129, 42 A. 2d 278;
 
 Matys v. Consumers Ice and Coal Co.,
 
 154 Pa. Superior Ct. 568, 36 A. 2d 821;
 
 Byrne v. Schultz,
 
 306 Pa. 427, 160 Atl. 125;
 
 Spear and Co. v. Altmyer,
 
 124 Pa. Superior Ct. 9, 187 Atl. 309.