## Lang et vir, Appellants, *v.* Butler.

Argued October 7, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*William J. Rockenstein,* for appellants.

*Lee A. Montgomery,* with him *Galbreath, Braham, Gregg, Kirkpatrick, Jaffe & Montgomery,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, November 19, 1970:

This is an appeal from a summary judgment entered by the Court of Common Pleas of Butler County.

Mary Lang and Ralph Lang, her husband, instituted an action of trespass against The City of Butler, Edward Friedman, Trustee Under the Will of Jacob Friedman, Deceased, and Nick Lustig and Jerome Lustig, t/d/b/a Outdoor Army Store, to recover for personal injuries sustained by Mary Lang and for expenses incurred by Ralph Lang, as well as for the loss of consortium, resulting from the injuries to Mary Lang. Defendants took a deposition of plaintiff, Mary Lang, and on the basis of the pleadings and this deposition the Court below granted defendants' motion for summary judgment pursuant to Rule 1035 of the Pennsylvania Rules of Civil Procedure.*

---

* Rule 1035 provides, in pertinent part:

"(a) After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits, if any.

"(b) The adverse party, prior to the day of hearing, may serve opposing affidavits. The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment,

According to Mrs. Lang's deposition, the facts or circumstances which caused her injuries were as follows: On July 21, 1966, at approximately 2:30 P.M., Mrs. Lang fell and was injured when she caught the heel of her shoe in a crack in the blacktop sidewalk in front of the Outdoor Army Store in the City of Butler. The crack was described as being one inch wide, one inch deep and six to seven inches long. There were a total of three cracks in the sidewalk.* It was a bright, sunny day and there was neither pedestrian nor vehicular traffic in the area, nor were there any obstructions or distractions to prevent Mrs. Lang from keeping her attention on where she was walking or from seeing the defect.** The lower Court held that plaintiff was guilty of contributory negligence as a matter of law. We agree. See *Beil v. Allentown*, 434 Pa. 10, 252 A. 2d 692; *Knapp v. Bradford City*, 432 Pa. 172, 247 A. 2d 575; *Cerino v. Philadelphia*, 435 Pa. 355, 257 A. 2d 571.

Judgment affirmed.

Mr. Justice ROBERTS dissents for the reasons noted in his dissenting Opinions in *Cerino v. Philadelphia*, 435 Pa. 355, 360, 257 A. 2d 571, 573 (1969) and *Beil*

---

interlocutory in character, may be rendered on the issues of liability alone although there is a genuine issue as to the amount of damages."

* Photographs show the defect had existed for a long period of time.

** Mrs. Lang deposed as follows regarding the manner in which she was walking: "Q. What you did, then you stepped in this crack with your heel; you had not looked and did not know there was a crack there? A. No, sir. Q. But it was perfectly in view had you looked? A. I would say if you walked with your eyes on the street in front of you, if a person walked that way looking to the walk, you would be able to see it. But a normal person don't walk that way. Q. Well, how did you walk? A. I walked with my head erect looking in the direction I was going. Q. You were not looking where your feet was going; is that right? A. That is right."

*v. Allentown,* 434 Pa. 10, 14, 252 A. 2d 692, 695 (1969), and would send the issue of contributory negligence to the jury.