# Shaffer *v.* Beaver Valley Traction Company, Appellant.

*Negligence—Street railroads—Streets—Obstructions—Failure to warn —Contributory negligence—Exposure to danger.*

1. In an action for damages for the death of plaintiff's husband against a street railway company, the plaintiff offered evidence that the defendant company had excavated a strip eleven feet wide in the highway alongside their existing track, which occupied one side of the street, thus leaving a strip of undisturbed paving only seven feet wide between the opening and the curb; that deceased and a companion were led to attempt to pass with a loaded wagon over this narrow strip by the defendant's failure to bar the whole width of the street, and by circumstances making it seem that this was the proper highway; that the wagon upset while the deceased, standing in the excavation, and his companion, who was leading the horse, were endeavoring to get it out of the hole into which it had slipped; that just as it was falling over, one of the defendant company's cars ran past and stopped; and that deceased was then found under the trucks of the car, dead. *Held,* that the case was for the jury, and the evidence sufficient to sustain a verdict for the plaintiff.

2. Where a man finds himself placed in a dangerous position by the negligence of another, without his fault, and on striving to extricate himself, not having time to deliberate, happens to select a method not the best, which if he had had time to consider, he might not have taken, the law will not impute contributory negligence to him as readily as if he had had time to choose with judgment.

Argued Oct. 11, 1910. Appeal, No. 148, Oct. T., 1910, by defendant, from judgment of C. P. Beaver Co., June T., 1907, No. 190, on verdict for plaintiff in the case of Mathilda Shaffer v. Beaver Valley Traction Company, operating the Freedom and Conway Street Railway. Be-

fore FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass for death of plaintiff's husband.

The facts appear in the opinion of HOLT, P. J., overruling motion for judgment non obstante veredicto as follows:

In this case the plaintiff averred negligence on the part of the defendant company in making an excavation in Third avenue, in the borough of Freedom, for the purpose of laying a second track, and not properly barricading and putting up signals on it to protect the public from injury while using said street; and that the plaintiff's husband, who was not acquainted with the said street, was passing along the same, on the night of October 27, 1906, and while exercising due care, by reason of the absence of sufficient barricades and proper signals to give him warning of the danger, and while endeavoring to extricate himself from a perilous position, and without fault or negligence on his part, was struck by one of the cars operated by the defendant.

For some time prior to the accident the defendant was engaged in constructing a second track in the borough of Freedom for its street railway. The track in operation at that time was on the southerly side of Third avenue at the point in question. The space lying between the said track and the curb on the northerly side of the said highway was paved with fire bricks, and was ordinarily used by the public. For the purpose of laying the second track, the bricks between the easterly rail of the said track and a point about seven feet from the northerly curb line on said street were taken up, and an excavation made some nineteen inches in depth for the full width thereof, leaving about seven feet of space between the edge of the excavation and the curb on the eastwardly side of said highway.

On the night in question, the plaintiff's husband, and

one John J. Graham, came from a point in Allegheny county, with a one-horse wagon load of moving, and reached the southerly end of the said excavation after dark. During the time said work was in progress, the public travel had been directed upon the existing street car track. The track laid upon said street was so close to the southerly side of said highway that there was no room to drive between the poles on the south side of said street and the said track. Part of the earth that had been taken from said excavation was thrown to the southerly side of the existing track, in heaps, and at a few places along the line of the said track passing places for vehicles were made between the property line south of the said existing track. The said excavation extended in under the ends of the ties of the track that was already upon the highway. The space lying between the easterly curb line and the edge of the said excavation was used by persons in the employ of the defendant in hauling the earth taken from the said excavation, so that there appeared to be a beaten track near the southerly end of the said excavation, leading from the said seven-foot space of pavement to the track of the defendant company. When the plaintiff's husband and the said John J. Graham approached the southerly end of the said excavation, according to the testimony offered in behalf of the plaintiff, they saw the excavation, the earth that had been taken therefrom and piled southwardly of the said track, a red lantern resting on a tie near the said track, and a barricade immediately opposite the end of the said excavation, and that there was no barricade to the entrance upon the seven-foot strip of paved street lying next to the northerly curb line. They also noticed what appeared to be a definite or defined way leading across from the existing track to the said paved space next to the northerly curb line, and, believing that the seven-foot space of pavement to the right was intended as the proper driveway for persons proceeding northwardly on said highway, the husband of the plaintiff and the said Graham entered upon the

said piece of pavement, the plaintiff's husband getting down into the excavation for the purpose of observing whether or not the wheels of the wagon would come too close to the edge, so as to warn Graham, who led the horse on the paved part of the street. After proceeding about 100 feet along the street, they came to a trolley pole, or pole of some kind, that was placed some inches beyond the curb line in the street, which necessitated Graham leading the horse closer to the excavation, in order to pass the said pole, and as he did so the hind wheel of the wagon caused the pavement to cave in, and the wheel to go over into the excavation. Some bricks were placed under the wheel, and in front of it, in an effort to bring the wheel back to the part of the paved street, the husband of the plaintiff remaining in the excavated part of the street to see whether or not the wheel would properly mount the brick. When Shaffer started the horse the wagon with the load of moving upset, and just as the wagon was falling over, one of the cars of the defendant went past and stopped a short distance therefrom. Graham was under the impression that Samuel Shaffer, the plaintiff's husband, was under the load of moving, and called to those in charge of the car to render him assistance to get him out. It was found, however, that Shaffer was under the front truck of the defendant's car, and when he was taken out he was dead. The plaintiff's theory of the accident is, that Samuel Shaffer in an effort to escape injury from the falling wagon and the load of moving sprang suddenly up on the street car track, just as the car was approaching, and that he was run down and killed by it. There is no evidence to show how Shaffer got on the track. The motorman testified that just as he was passing the wagon he noticed something falling towards the car.

The defendant's evidence tended to prove that the whole of the said street, except the part occupied by the street car track, had been securely barricaded, and red lights placed on such barricade early in the evening of the

day of the accident, and that such other precautions were taken as to properly warn the traveling public as to the dangerous condition of the said highway. The defendant also takes the position that the plaintiff's husband was guilty of contributory negligence in placing himself in the position in which he was immediately preceding the falling of the wagon and the load of moving, and in entering upon the part of the said highway lying between the track and the curb on the northerly side of the said street. On the question of contributory negligence this is a very close case. We are not satisfied, however, that contributory negligence was conclusively proven. We think that it was a question for the consideration of the jury. As to the question of barricades and lights, there is no doubt in the mind of the court about the sufficiency of the evidence to carry the case to the jury. It was clearly the province of the jury to determine whether or not the plaintiff's husband was guilty of contributory negligence in entering upon that part of the highway between the defendant's track and the curb on the easterly side of the street. The main difficulty arises as to the alleged negligence of Samuel Shaffer after the wheels of the wagon slipped over the edge of the embankment into the excavation. It was for the jury to determine whether or not the defendant by its negligence put the plaintiff's husband in a perilous position, or in the position in which Shaffer and Graham were at the time. If it did, it seems to us that it was also for the jury to decide whether or not Shaffer did what a reasonably prudent and cautious person would have done in the circumstances, or failed to do something in the circumstances which such a person would not have failed to do. Did Shaffer, in an instinctive effort to protect himself from the falling wagon and load of moving, and without fault on his part, make an error of judgment, and spring suddenly upon the track of the defendant, and receive the injury which caused his death? This was, we think, a matter peculiarly within the province of the jury to determine.

Where a man finds himself suddenly placed in a dangerous position by the negligence of another, without his fault, and in order to extricate himself from such danger, not having time to deliberate and judge the best way of so doing, happens to select a method of doing so which was not the best, and which, if he had time to consider, he might not have taken, the law would not impute to him contributory negligence so readily as if he had time to choose with judgment. All that it requires of him is to do as a prudent man would do under the circumstances: Kreider v. Lancaster, Elizabethtown & Middletown Turnpike Co., 162 Pa. 537.

*Error assigned* was in refusing binding instructions for defendant and in overruling motion for judgment non obstante veredicto.

*D. A. Nelson,* for appellant.—The case is ruled by the principle of Winner v. Oakland Twp., 158 Pa. 405, and Pittsburg Southern Ry. Co. v. Taylor, 104 Pa. 306.

The deceased assumed the risk: Hill v. Twp. of Tionesta, 146 Pa. 11; Penna. R. R. Co. v. Werner, 89 Pa. 59; Twp. of Crescent v. Anderson, 114 Pa. 643; Forks Twp. v. King, 84 Pa. 230.

The accident was not a natural and probable consequence of the alleged negligence: Chittick v. P. R. T. Co., 224 Pa. 13; Huston v. Fremansburg Boro., 212 Pa. 548.

The proximate cause of the injury was plaintiff's lack of prudence: Herr v. City of Lebanon, 149 Pa. 222; Sprowls v. Morris Twp., 179 Pa. 219.

*J. Sharp Wilson,* with him *Thomas M. Marshall* and *Rody P. Marshall,* for appellee.—The deceased was not bound to use the very best judgment, having been placed in a position of difficulty by the act of the defendant, and was in no fault if he acted in good faith and with reasonable prudence: Penna. R. R. Co. v. Werner, 89

Pa. 59; Malone v. R. R. Co., 152 Pa. 390; Ham v. Canal Co., 155 Pa. 548; Kreider v. Turnpike Co., 162 Pa. 537.

A negligent act may be the proximate cause of an injury, though not the sole or immediate cause, where the intervening act is set in motion or evidenced by the negligent act and the consequence is one that should have been foreseen: Dannenhower v. W. U. Tel. Co., 218 Pa. 216; Plymouth Twp. v. Graver, 125 Pa. 24; Cameron v. Citizens' Traction Co., 216 Pa. 191; Eagle Hose Co. v. Electric Light Co., 33 Pa. Superior Ct. 581.

PER CURIAM, January 3, 1911:

The judgment is affirmed for the reasons stated in the opinion of the learned judge of the common pleas in discharging the rule for a new trial.