Dunfee v. City of Philadelphia, Appellant.

Argued October 9, 1929.

Before
PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Isaac G. Gordon Forster,* Assistant City Solicitor, and with him *Augustus Trask Ashton,* City Solicitor, for appellant.

*Nathan Markmann,* of *Freed & Markmann,* for appellee.

OPINION BY BALDRIGE, J., December 12, 1929:
The plaintiff, a woman of fifty years of age, in at-

tempting to cross Twenty-fifth Street at Ridge Avenue, City of Philadelphia, between four and five o'clock in the afternoon of April 22, 1927, fell into a hole and was injured. She brought this action to recover damages.

The case hinges on a question whether or not the plaintiff was guilty of contributory negligence. From the testimony offered upon the part of the plaintiff, it appears that she was using a regular crossing where there were no signal lights or traffic officers, and had proceeded about halfway across the street, which is twenty-six feet wide, when an automobile proceeding south on Twenty-fifth Street, at a moderate rate of speed, suddenly "shot" across her path. She quickly moved backward to avoid being struck, stepped into a hole, fell, and sustained injuries.

George H. Schmus, who saw the accident from his place of business nearby, stated that the hole, which had been there about eight months, was "fairly good sized and about six inches in depth," and that at least part of it was within the limits of the crossing.

If the plaintiff in attempting to cross the street carelessly placed herself in a position of peril, she could not recover for injuries she received. On the other hand, if she was placed in a dangerous situation without negligence upon her part, she was not responsible for an error in judgment in her endeavor to escape. Even if she did not happen to select the best method to avoid being hit, contributory negligence would not be imputed to her as readily as if she had had time to deliberate. When sudden danger arises through no fault of his own and one is obeying the instinct of self-preservation, the same discretion is not required as where there is an opportunity and time for consideration: Shaffer v. Beaver Valley Traction Co., 229 Pa. 533.

In Montgomery et al. v. Philadelphia, 270 Pa. 346, relied upon by appellant, a trolley car was on the cross-

ing and the plaintiff instead of waiting until it passed started across the roadway in front of the trolley, which suddenly started, and in her endeavors to escape the impending danger, she stepped into a hole and was injured. The court did not permit a recovery on the ground that the plaintiff deliberately placed herself in a hazardous position.

In this case, it cannot be said, as a matter of law, that the plaintiff in using the regular crossing placed herself in a position of danger. There was no evidence of the location of the car at the time the plaintiff submitted herself to the crossing, or that it was being run in a manner that convicted the plaintiff of contributory negligence in attempting to cross the street. The duty of the driver of the automobile was to approach the intersecting street with caution and to have his car under complete control. This plaintiff had the right to expect the driver to exercise the standard of care the law requires.

In the case of Young v. Philadelphia Rapid Transit Co., 248 Pa. 174, the present Chief Justice very aptly said, "Although no one has a right carelessly to put himself in a position of danger, relying on the assumption that another who controls the sources of such danger will see to his protection, yet, the law recognizes the abstract right of everyone who takes due care according to the circumstances in which he is placed to act upon the principle that others will do likewise; the extent of the application of this principle, depends upon the facts in each case, and the question whether due care under the surrounding conditions and circumstances has or has not been taken, except in cases where all the material facts and the reasonable inferences to be drawn therefrom clearly demonstrate contributory negligence, is always an issue for the jury to determine."

The only further point for consideration is whether

the plaintiff was actually in a position of sudden peril without having an opportunity of selecting a safe method to escape when she stepped backward. The manner in which this car was operated, the course it took, whether or not the driver suddenly accelerated his speed, were questions of fact.

Under all the evidence in this case, the issues raised were for the jury's consideration.

Assignments of error are overruled. Judgment is affirmed.