Miller, Appellant, *v.* Exeter Borough.

. Argued November 14, 1950. Before DREW, C. J., STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Phillip M. Gorgold,* with him *Albert W. Brobst,* for appellant.

*Albert B. Carrozza* and *John R. Reap, Jr.,* with them *Reap & Reap,* for appellees.

OPINION BY MR. JUSTICE CHIDSEY, January 2, 1951:

Joseph Miller, appellant, instituted this action in trespass against the Borough of Exeter to recover damages for injuries sustained as a result of a fall allegedly caused by the existence of a ridge of ice leading from a defective drainpipe across the sidewalk of Schooley Street on the premises of James C. Walsh.

Walsh was made an additional defendant. After a trial before a jury, a verdict was rendered in favor of defendants. Plaintiff filed his motion for new trial assigning alleged errors in the charge of the trial judge and rulings with regard to the admission of certain evidence. This appeal is from the dismissal of said motion and the entry of judgment on the verdict.

Plaintiff, on January 20, 1948, after 7:30 p.m., was walking along Schooley Street in the Borough of Exeter. He testified that as he approached the corner of Wyoming Avenue he tripped and fell over a ridge of ice which had accumulated by reason of a defective drainpipe running from the roof of the Walsh premises to Schooley Street. Evidence was adduced which would have warranted a finding by the jury that this condition had existed without being remedied for a sufficient length of time to impose liability with regard thereto on both the Borough and Walsh for injury resulting therefrom.

Defendants adduced evidence that the condition complained of did not in fact exist at the place where the plaintiff sustained his injuries and that the cause of the fall was the intoxication of the plaintiff. The jury by its verdict has determined the facts adversely to appellant.

Plaintiff contends that the trial judge erred in charging the jury as follows: "The mere happening of an accident is no proof of negligence on the part of either defendant and in order that the plaintiff may recover he must show the fall and injuries resulted from the negligent conduct of one or both of the defendants. That burden he must meet by the fair weight of the credible testimony in the case . . ." It is said that this portion of the charge led the jury to believe that plaintiff was required to prove his freedom from contributory negligence. This contention is without

merit. Nothing contained in the language used would warrant a jury to entertain the belief suggested.

The statement of the trial judge that plaintiff's burden of proof must be met by "the fair weight of the credible testimony" instead of "the fair preponderance of the evidence", a phrase more customarily used, and recommended for use by the late Chief Justice MAXEY in *Se-Ling Hosiery, Inc. v. Margulies*, 364 Pa. 45, 70 A. 2d 854, does not constitute error. Both phrases convey the thought that proof on one side of a cause must fairly outweigh the proof on the other.

Appellant has not taken any exception to the particular portion of the charge assigned for error nor was a general exception thereto requested. The trial judge, however, of his own motion noted a general exception for all parties. No basic and fundamental error appears. See *Fox v. Pasco*, 363 Pa. 229, 69 A. 2d 375. Further, plaintiff did not present any points for charge and remained silent when at the conclusion of the charge the court asked counsel, "Is there anything else?"

All of the cases cited by plaintiff in support of a contrary conclusion turn on the failure of the trial judge to give *any* instruction as to the burden of proof or upon the general inadequacy of the charge as a whole. The court in its charge subsequent to the above assigned portion instructed the jury with respect to contributory negligence. It painstakingly defined the issues, reviewed the testimony of the many witnesses in detail and clearly marshaled the facts and the applicable law.

The court in instructing the jury with regard to the law, stated that there could be no recovery if plaintiff's fall resulted from the general slippery condition of the sidewalk and affirmed defendant's seventh point for charge to the same effect. There was credible testi-

mony that the sidewalks throughout the Borough were slippery and that those along the Walsh premises were no different than others within the Borough. In the circumstances there was no error in this portion of the charge. See *Zieg v. Pittsburgh*, 348 Pa. 155, 157, 34 A. 2d 511. Further, appellant requested no amplification and no specific exception was noted upon the record.

Equally without merit is the assertion of error in affirming additional defendant's third point for charge which was as follows: "If you find that there were ridges of ice on the sidewalk and that the plaintiff could have seen the condition had he looked, and that his failure to look where he was walking was responsible for the accident, then the plaintiff was guilty of contributory negligence, and your verdict must be for the defendant." The law with regard to contributory negligence is so well settled that no citation of authority is required for the proposition that one who fails to observe a dangerous condition plainly visible and nevertheless proceeds without regard to his own safety must be held guilty of contributory negligence as a matter of law. Defendants' testimony was to the effect that although the fall occurred after 7:30 p.m., the sidewalk was well lighted by street lights at the corner and in the immediate vicinity. The jury could well have found in these circumstances that plaintiff, had he observed where he was walking, would have seen the alleged ridge of ice. Failure to make such observation would have been contributory negligence.

Plaintiff complains that there was error in the admission of testimony regarding his intoxication and submission of that fact to the jury. There was abundant testimony establishing defendants' contention that plaintiff's fall was wholly or at least partly due to his intoxication. From the testimony of four wit-

nesses called by defendants, it appeared that plaintiff smelled of liquor, staggered, mumbled incoherently, and had no control of himself. The driver of the ambulance in which plaintiff was taken to the hospital testified that plaintiff pleaded that his boss be not told that he had been drinking, for fear he would lose his job. Another witness stated that before the trial he had been approached by plaintiff and requested not to testify that he, plaintiff, was under the influence of liquor. The trial judge committed no error in submitting the issue of intoxication to the jury as bearing on the question of contributory negligence.

Appellant urges that the court erred in permitting two of the four witnesses called by defendants to express an opinion as to his condition and relies upon *Critzer v. Donovan*, 289 Pa. 381, 137 A. 665. It was there held that standing alone, the odor of liquor is not sufficient evidence of intoxication; that joined with other facts it may become so, but a witness may not express the opinion that a person is intoxicated merely because of the odor of liquor on the breath. One of these witnesses, Mackin J. Space, who knew the plaintiff very well, stated that plaintiff was in a stupor and under the influence of alcohol. This opinion was fortified by his having observed plaintiff prior to the accident sitting on the curbstone in a drizzling rain, muttering unintelligibly and "with no control of himself". He again observed plaintiff working his way back from the curb to the building by use of his hands. The other witness, Anthony Venetz, a justice of the peace who had known plaintiff very well for twenty years, based his opinion that plaintiff was intoxicated upon having seen plaintiff prior to the accident staggering from one side of the pavement to the other and grasping an iron fence in front of the witness' premises as a means of support. We are constrained to

hold that there was no reversible error in permitting these two witnesses to express their conclusions that the plaintiff was intoxicated.

Plaintiff, in rebuttal, called Leroy Hite, a Borough policeman, who arrived at the scene of the accident very shortly after it occurred and assisted in removing plaintiff from the sidewalk to the restaurant. In accordance with his duties, he made a written report of the occurrence. Plaintiff complains of the court's refusal to permit this report to be introduced into evidence. "Where a witness has a present recollection of a past event, although his memory is refreshed by a memorandum made at the time of the event, he testifies from such recollection; but where he has no present recollection of such past event, even when aided by his memorandum, the latter itself may be offered in evidence, on proof by the witness of his knowledge of its accuracy when made and that it was made when the transaction was fresh in his mind.": *Christian Moerlein Brewing Co. v. Rusch*, 272 Pa. 181, 187, 116 A. 145. A careful reading of Hite's testimony discloses that he had a clear present recollection of the details of the accident without referring to his report. Although the court permitted him to use the report to refresh his recollection, he only referred to it a few times for such purpose and nowhere in his lengthy examination does it appear that he relied thereon as a record of past recollection.

Plaintiff also complains that the court limited the scope of questioning of this witness. The Walsh building was 60 feet in length. The plaintiff and his witnesses testified, in chief, that the place where plaintiff fell was about 30 feet from the corner. After the defense had rested and Hite had been called by plaintiff in rebuttal, he was questioned with reference to a drainpipe located about 8 feet from the rear of the premises and

the condition of the sidewalk at that point. The court interposed the remark, "That is not the cause of action, it is thirty feet, go ahead." If counsel for appellant considered this remark as limiting the scope of questioning, he failed to except thereto and he cannot now be heard to complain.

A review of the entire record does not reveal any basic and fundamental error.

Judgment affirmed.