Firestone, Appellant, *v.* Schmehl.

Argued January 6, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Frederick Edenharter,* with him *Rhoda, Stoudt & Bradley,* for appellant.

*Richard A. Bausher,* with him *Stevens & Lee,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, March 22, 1966:.

This is an appeal by Firestone* from a judgment non obstante veredicto.entered in favor of the defendant.

Plaintiff brought an action of trespass against defendant Helen Schmehl seeking to recover damages for injuries sustained when he was struck by an automobile operated by defendant. The jury returned a verdict in the amount of $20,012.39 in favor of plaintiff. Defendant filed a motion for judgment n.o.v. or alternatively for a new trial. The lower Court granted judgment for defendant n.o.v. but stated that if judg-

---

* Although this action was initiated and captioned as follows: LeRoy Paul Firestone, a Minor, by Paul A. Adams, his Guardian, Adams was withdrawn as guardian when Firestone reached his majority.

ment n.o.v. was improper, *then a new trial should be granted because plaintiff's own testimony was incredible.*

It is hornbook law that in considering a motion for judgment n.o.v. the evidence must be considered in the light most favorable to the verdict winner and he must be given the benefit of every reasonable inference of fact arising therefrom and any conflicts in the evidence must be resolved in his favor: *Wood v. Conneaut Lake Park, Inc.,* 417 Pa. 58, 209 A. 2d 268; *Bohner v. Eastern Express, Inc.,* 405 Pa. 463, 175 A. 2d 864.

A reading of the record in the light most favorable to the plaintiff precludes entry of judgment n.o.v. Plaintiff was injured when he was struck by an automobile operated by defendant. This accident occurred on August 29, 1960, in the vicinity of the 222 Drive-in Sandwich Shop, East Cocalico Township, Lancaster County, Pennsylvania. At this point, Route 222 is a concrete highway 22 feet wide. It has two lanes, one northbound and one southbound. Immediately prior to the accident, plaintiff, intending to go to the sandwich shop for something to drink, was walking from the western side of the highway to the eastern side. He could see a distance of 332 feet* looking in the direction from which defendant's car was approaching. Plaintiff testified as follows: "A. Well, I waited a while off the street and the pickup truck went. Then I looked both ways and didn't see any cars coming, so I crossed. I got halfway across and I looked again; I didn't see no cars coming, so I crossed. Q. When you got approximately halfway across, Mr. Firestone, in which direction did you then again look? A. I looked south. Q. That would be to your right? A. Yes. Q. And you

---

* The trial Judge found, based on the testimony of the defendant, that plaintiff, if he looked, could see a distance of almost 950 feet.

were then proceeding from the western side of the highway to the eastern side; is that right? A. Yes. Q. Where were you going? A. I was going into the 222 Drive-In for something to drink. Q. Tell us what happened after you had looked to the right and saw nothing? A. Then I crossed and got on the other side of the highway, and I don't know no more about what happened."

The lower Court entered judgment n.o.v. because it believed that plaintiff was guilty of contributory negligence as a matter of law. The evidence considered in the light most favorable to plaintiff will not support an n.o.v.

However, the lower Court, in its Opinion, also stated: ". . . plaintiff's own testimony that he looked to the south, twice, before crossing the path of the defendant's automobile, is *incredible*, and if our judgment n.o.v. were reversed, we would, unless otherwise directed, grant a new trial to defendant." It is difficult to imagine a stronger or better reason or justification for a new trial. *Bohner v. Eastern Express, Inc.*, 405 Pa., supra. Under the facts and circumstances, we will therefore grant a new trial. In *Menyo v. Sphar*, 409 Pa. 223, 186 A. 2d 9, we pertinently said (page 225) : "The grant or refusal of a new trial by the lower Court will not be reversed by this Court in the absence of a clear abuse of discretion or an error of law which controlled the outcome of the case: F. C. Haab Co., Inc. v. Peltz Street Terminals, Inc., 407 Pa. 276, 278, 180 A. 2d 35; Bohner v. Eastern Express, Inc., 405 Pa. 463, 472, 175 A. 2d 864; Segriff v. Johnston, 402 Pa. 109, 114, 166 A. 2d 496."

Judgment reversed and new trial granted.

Mr. Justice EAGEN concurs in the result.