# Cohen, Appellant, *v.* Lancaster Redevelopment Authority.

442

Argued April 24, 1967. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Robert Ruppin*, with him *Marshall M. Cohen*, for appellant.

*Frank Edward Roda*, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, May 24, 1967:

The Redevelopment Authority of the City of Lancaster condemned appellant's property. The Board of View awarded him $50,400. He then appealed and, at the jury trial, the jury rendered a verdict in his favor for $50,000. Appellant appeals the judgment which was entered on the verdict, after the Court below had denied his motion for a new trial.

" 'The grant or refusal of a new trial by the lower Court will not be reversed by this Court in the absence

of a clear abuse of discretion or an error of law which controlled the outcome of the case: [citing cases].'" *Firestone v. Schmehl*, 420 Pa. 644, 647, 218 A. 2d 324.

Appellant first contends that the verdict was contaminated and should be set aside because the daughter of one of the jurors was married to a brother of the defendant's attorney, a fact which was not discovered until after the verdict. We do not regard a verdict as tainted because a juror is a *relative by marriage* to the brother of counsel for the defendant.

Defendant next complains that the verdict was tainted and should be set aside because, following an adjournment and before any evidence was taken, a juror briefly conversed in the corridor of the Court House with an assistant director of the condemnor. These two persons were friends and members of the same church. While their conversation was unwise, it was undoubtedly innocuous. On this subject the lower Court, in its Opinion, said: "Counsel did appear the following morning and the court was advised by counsel for the plaintiff that they were satisfied nothing improper had been discussed by the juror and the defendant's assistant director, and that they were satisfied to proceed with the trial of the case with the jury already selected. The only request by counsel for the plaintiff was that the court again admonish the jury to refrain from discussing the case with anyone or doing anything which might give the appearance of improper conduct. This was done and the trial proceeded to a verdict."

Having known of the possible disqualification of a juror and gambled on the verdict or any result which might follow, appellant cannot now complain: *Nyce v. Muffley*, 384 Pa. 107, 112, 119 A. 2d 530.

Lastly, appellant asserts that the condemnor's expert witnesses were entirely unqualified or poorly qualified by knowledge and experience of real estate values

in this neighborhood; moreover, they had not adequately examined the premises, had not sufficiently examined other pertinent sales, and their views on value had an amazing unanimity. These witnesses had a long and wide experience in their field and are what is called in the law "expert" witnesses. Appellant's objections really go only (a) to the weight to be given to their testimony and (b) their credibility. These were questions for the jury, which were adequately instructed thereon by the trial Judge. We feel there is no necessity for our repeating here what we so recently said upon the subject of expert testimony in eminent domain cases in *Morrissey v. Department of Highways*, 424 Pa. 87, 225 A. 2d 895.

We find no merit in any of appellant's contentions, nor any abuse of discretion or error of law.

Judgment affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.