Knapp *v.* Bradford City, Appellant.

Argued October 9, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Robert J. Healy,* for City of Bradford, appellant.

*R. T. Mutzabaugh,* with him *Mutzabaugh and Mut-zabaugh,* for appellees.

*Murray R. Garber,* for appellee.

*Ronald H. Heck,* with him *Bagley, Sydor & Heck,* for appellee.

*Henry Graff,* for appellees.

OPINION BY MR. JUSTICE COHEN, November 12, 1968:

The plaintiff Mrs. Knapp recovered in the instant personal injury case as the result of her fall after catching her heel on a protruding curb in the City of Bradford (City). The top of the curb extended 1⅜" above the level of the adjacent sidewalk as a result of "settling" conditions after City had replaced the curb and relaid the brick sidewalk. On the day of the occurrence, Mrs. Knapp was walking on the sidewalk and after waiting for three cars to pass attempted to cross the street. Upon being distracted by hearing a fourth car (previously unobserved) she caught her heel on the curb and fell into the street causing the injury for which the jury gave her this verdict. Her husband recovered medical expenses and loss of consortium predicated on her recovery. City was found solely liable and now appeals from the failure of the trial court to grant motions for judgment n.o.v. and for a new trial.

City contends that Mrs. Knapp was guilty of contributory negligence as a matter of law and hence its n.o.v. should have been granted. We agree and therefore reverse.

Mrs. Knapp's own testimony indicates not only that this "defect" was an open and obvious danger, but also that she observed it on the day in question.[1] She fur-

---

[1] "Q. And had you noticed the condition of the sidewalk at this particular intersection prior to the day that you fell? A. Yes. Q. And what did you notice that it was prior to the day you fell? A. Prior to the day I just noticed that it was rough there. . . . Q. And did you look down at the curb? A. Yes. Q. Any time dur-

ther testified that she tripped when she turned her head in mid-step as the result of a sound of an automobile distracting her.[2] Her own testimony precludes her recovery.

"[O]ne who fails to observe a dangerous condition plainly visible and nevertheless proceeds without regard to his own safety must be held guilty of contributory negligence as a matter of law", *Miller v. Exeter Borough*, 366 Pa. 336, 77 A. 2d 395 (1951). It follows that one who sees such a defect and continues on is likewise contributorily negligent. Plaintiff relies on the long standing corollary of this rule: "One who, in broad daylight, walks into an obvious defect in a sidewalk is presumptively negligent and the burden is upon that person to show conditions outside of himself which prevented his seeing the defect, or which would excuse failure to observe it. McDonald v. Mars Borough, 371 Pa. 625, 92 A. 2d 199; Leson v. Pittsburgh, 353 Pa. 207, 44 A. 2d 577; Lerner v. Philadelphia, 221 Pa. 294, 70 A. 755. . . ." *Walsh v. Philadelphia*, 175 Pa. Superior Ct. 622, 106 A. 2d 851 (1954). She contends that she has met this burden by showing that the sound of the automobile distracted her attention. In this she relies on *Pro v. Pennsylvania Railroad Company*, 390 Pa. 437, 135 A. 2d 920 (1957); *Sculley v. Philadelphia*, 381 Pa. 1, 112 A. 2d 321 (1955); *Sand-*

---

ing this? A. Yes. Q. When did you look down at the curb? A. After I checked the light I glanced at the curb. Q. After you looked at the light? A. To see I could go on green. Q. And after the cars passed you, you again looked down at the curb? A. Yes. Q. And you saw this condition existing at the curb, is that right? A. Yes."

[2] "Q. Did you continue to look at the curb as you took your step? A. No, this car distracted me and I checked to see if that car was going to turn. . . . Q. And then you turned your head to look at the car? A. Yes. Q. And you continued to walk while you were looking at the car, is that right? A. Yes."

*herr v. Pottsville,* 201 Pa. Superior Ct. 547, 193 A. 2d 625 (1963). In the cited cases and in every other case the distraction was such that plaintiff was prevented from observing the obvious defect by the distraction. Plaintiff points out no case in which this exception has been extended to one who has already observed the defective condition. To extend the exception so far would be to defeat the "open and obvious danger" rule altogether. Plaintiff saw the danger and failed to heed it.

Furthermore, even if Mrs. Knapp had not observed the curb this is not the type of distraction which could excuse her failure to do so. The sound of automobiles is hardly an uncommon occurrence in urban America. City inhabitants are required to have the ability to look where they are going while remaining conscious of their other surroundings. Their attention should not be diverted by the ordinary sounds of city traffic. In this instance there is nothing so removed from the ordinary to legally constitute a distraction.[3]

Plaintiff does not contend that this noise created a sudden emergency or peril which caused her to step involuntarily into the defect, *Fisher v. City of Philadelphia,* 112 Pa. Superior Ct. 226, 170 Atl. 875 (1934); *Dunfee v. City of Philadelphia,* 97 Pa. Superior Ct. 413 (1929). This seldom used doctrine mentioned by the court below is inapplicable since plaintiff did not testify that the approaching car presented a danger in any way. The sound of an automobile riding along a busy street can hardly be reason for peril in this day and age. Regardless of the viability of the doctrine of "emergency or peril", plaintiff has failed to place herself within it.

For these reasons the court below erred in submitting the question of contributory negligence to the jury

---

3 See Restatement 2d, Torts, §289, comment b (1965).

and should have granted the n.o.v. in favor of the defendant City.

Because of our disposition of this case we are not required to reach appellant's contention that City was not negligent and we voice no opinion on City's negligence.

Judgment reversed and judgment n.o.v. entered for defendant.

Mr. Justice ROBERTS dissents.

Mr. Justice MUSMANNO did not participate in the decision of this case.