Cerino, Appellant, *v.* Philadelphia.

Argued May 5, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Esther R. Sylvester,* with her *Beasley, Albert, Hewson & Casey,* for appellant.

*Nicholas M. D'Alessandro,* Assistant City Solicitor, with him *Matthew W. Bullock, Jr.,* Second Deputy City Solicitor, and *Edward G. Bauer, Jr.,* City Solicitor, for City of Philadelphia, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, October 9, 1969:

This is an appeal from the Judgment of the Court of Common Pleas entered for defendant non obstante veredicto and after denial of the plaintiff's motion for a new trial.

In *Firestone v. Schmehl,* 420 Pa. 644, 218 A. 2d 324, the Court said (page 646) : "It is hornbook law that in considering a motion for judgment n.o.v. the evidence must be considered in the light most favorable to the verdict winner and he must be given the benefit of every reasonable inference of fact arising therefrom and any conflicts in the evidence must be resolved in his favor: Wood v. Conneaut Lake Park, Inc., 417 Pa. 58, 209 A. 2d 268; Bohner v. Eastern Express, Inc., 405 Pa. 463, 175 A. 2d 864." However, he is not entitled to inferences which amount merely to a guess or conjecture: *Wood v. Conneaut Lake Park, Inc.,* 417 Pa., supra.

Viewed in that light, the facts of this case are as follows:

On Friday afternoon, July 22, 1960, at approximately 5:30 P.M., Mrs. Susan Cerino (plaintiff's decedent) was returning home on foot from marketing. It was a bright, sunny day. Mrs. Cerino, a short, heavy woman, was carrying a large package as she approached the intersection of 22nd Street and Indiana Avenue. The area in which Mrs. Cerino was walking was a shopping district; cars were parked on both sides of 22nd Street. When she reached the intersection of 22nd Street and Indiana Avenue, she paused on the corner waiting for the traffic light to change. In the crosswalk in front of Mrs. Cerino, about two feet from the curb, was a large excavation, six feet long, four feet wide, and three inches deep. Within the area of the excavation was a manhole, the cover of which was about three inches above the bottom of the excavation. After the traffic light turned green, Mrs. Cerino looked to the left and to the right, then stepped off the curb into the excavation, tripped, and fell onto the manhole cover. As a result of this fall, Mrs. Cerino sustained serious injuries.*

Mrs. Cerino sued the City for negligence in allowing the obstruction to remain after repeated requests for its repair. The jury found a verdict for plaintiff Susan Cerino in the amount of $6,992, and $3,624 for her husband, James Cerino. Defendant filed a motion for judgment n.o.v.; plaintiff filed a motion to strike defendant's motion for judgment n.o.v. and also a motion for a new trial. Plaintiff's motion for a new trial was based upon (a) the lower Court's refusal to admit into evidence Susan Cerino's answers to defendant's interrogatories, and (b) the lower Court's failure to charge on certain points presented by plaintiff, and (c) the inadequacy of the verdict.

---

* Mrs. Cerino died on December 7, 1965, from causes unrelated to the accident on which this suit is based.

The lower Court denied plaintiff's motion to strike and her motion for a new trial, and granted defendant's motion for judgment n.o.v. on the ground that plaintiff was contributorily negligent as a matter of law. From this Judgment, plaintiff took this appeal.

No external conditions were proved by plaintiff which prevented her from seeing the defect or which could excuse her failure to observe and avoid the large excavation and the manhole cover lying in her path. The fact that street traffic was heavy at the time of the accident is not, without more, an adequate legal explanation of or excuse for her failure to look and see and avoid the large excavation. See *Knapp v. Bradford City,* 432 Pa. 172, 247 A. 2d 575.

In *Knapp v. Bradford City,* supra, this Court reversed the lower Court, entered judgment n.o.v., and pertinently said (page 174) : " '[O]ne who fails to observe a dangerous condition plainly visible and nevertheless proceeds without regard to his own safety must be held guilty of contributory negligence as a matter of law', Miller v. Exeter Borough, 366 Pa. 336, 77 A. 2d 395 (1951). It follows that one who sees such a defect and continues on is likewise contributorily negligent." Further, the Court in that case answered and disposed of plaintiff's argument that the sound of automobiles was a legally sufficient distraction when we said (page 175) : "The sound of automobiles is hardly an uncommon occurrence in urban America. City inhabitants are required to have the ability to look where they are going while remaining conscious of their surroundings. Their attention should not be diverted by the ordinary sounds of city traffic. In this instance there is nothing so removed from the ordinary to legally constitute a distraction."

Plaintiff has not sustained her burden of proof of external conditions which prevented her from observ-

ing on a bright, sunny afternoon the large, visible excavation which was only two feet from the curb.

Judgment for defendant non obstante veredicto affirmed.

Mr. Justice POMEROY concurs in the result.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I am of the opinion that Mrs. Cerino cannot be said to have been guilty of contributory negligence as a matter of law. I reach this conclusion both on the basis of the factual scenario painted by the majority and on the basis of the facts as I think they should have been developed and considered.

My first difficulty with the majority's opinion stems from their unspoken approval of the trial court's action in excluding as inadmissible the answers to interrogatories given by Mrs. Cerino before her death.

Rule 4005(c) of the Pa. R. C. P. provides that: "Interrogatories may relate to any matters which can be inquired into under Rule 4007 and the answers may be used to the same extent as provided in Rule 4020 for the use of the deposition of a party." Turning to Rule 4020 of the Pa. R. C. P., we find that: "(a) At the trial, any part or all of the deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or who had notice thereof if required, in accordance with any one of the following provisions: * * * (3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds (a) that the witness is dead . . . ."

In spite of the clear mandate of these rules the trial judge refused to admit the answers to the interrogatories into evidence. In support of this refusal the court asserted that the answers were self-serving, that

their introduction deprived the defendant of the right to cross-examine, and that the federal practice was similar.[1] Were we now debating the rules' wisdom these arguments might have some weight. Depositions and interrogatories are not identical, and dissimilarities in the permissible scope of their use at trial could logically be supported. The question of the rules' wisdom, however, is not before us. We have the rules. They are clear and unambiguous. To read into them a distinction between the permitted use at trial of depositions and interrogatories is to defy the English language. Until such time as the rules are specifically altered we must heed their command. The trial court clearly erred in refusing to give them effect.

If this evidence had been included it is probable that the trial court would not have found Mrs. Cerino guilty of contributory negligence as a matter of law. The trial judge laid heavy emphasis on the fact that there was not "a scintilla of evidence that Mrs. Cerino was crossing in the midst of people to the front and to the rear of her so that she was effectively prevented from keeping a proper lookout." This assertion could not have been made if the decedent's answers to the interrogatories had been in evidence, since they indicate that Mrs. Cerino was crossing with other people.

---

[1] The trial judge quoted at length from 4 Moore's Fed. Prac. §33.29 [1], n.7, wherein the author opines that similar federal rules do not authorize the admission into evidence of answers to interrogatories. Reliance on this federal analogy is misplaced. First, the other leading commentator on the federal rules has no such reservations. 2A Barron and Holtzoff (Wright, ed. 1961) §778, p. 391. Secondly, the only federal case that I could find that ever dealt with the situation, *Chicago, Milwaukee, St. Paul and Pacific R.R. Co. v. Alva Coal Corp.*, 365 F. 2d 49, 56 (7th Cir. 1966), specifically held that a party's answers to an adversary's interrogatories were perfectly admissible under Fed. R. Civ. P. 33 and 26(d), and that the objection that the answers were self-serving was no objection at all.

I am also of the opinion that, even if the additional evidence is not considered, Mrs. Cerino was not guilty of contributory negligence as a matter of law. "[T]he generally stated test of freedom from contributory negligence is whether the plaintiff has acted as a reasonably prudent person would have acted under the circumstances." P.L.E. Negligence §92. We do not demand that suspicion and caution accompany a pedestrian's every step. We require only that a person act with reasonable regard for his own safety. Mrs. Cerino tripped when she stepped into a large, shallow depression in the middle of a crosswalk. The depression was only three inches below grade level and was not at all irregular or rough looking. Given the non-hostile appearance of the depression, the location of the crosswalk, the heavily trafficked nature of the intersection, and the other circumstances surrounding the mishap I do not believe that Mrs. Cerino was guilty of contributory negligence as a matter of law. ". . . [T]he 'reasonable man,' that standardized man to whose assumed conduct in like circumstances the plaintiff's conduct must conform, is not altogether devoid of human frailties." *P.S.C. of New Hampshire v. Elliott,* 123 F. 2d 2, 7 (1st Cir. 1941) (MAGRUDER, J.). The defendants had the burden of proving contributory negligence; the question was properly given to the jury and their decision in Mrs. Cerino's favor ought to be allowed to stand. In depriving the plaintiff of the benefits of the jury's verdict the majority is imposing upon the plaintiff a more rigid and higher standard of conduct than that properly expected of the reasonble man.

I dissent from the conclusion of the majority and would reverse the judgment for defendant non obstante veredicto and reinstate the jury verdict.