Kresovich et vir, Appellants, *v.* Fitzsimmons.

Argued January 13, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Eugene W. Lederer,* with him *John W. Blasko,* and *Gill, Lederer & Sharp,* and *Love & Wilkinson,* for appellants.

*Edward L. Willard,* for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, April 22, 1970:

Plaintiffs Pauline Kresovich and Joseph Kresovich, her husband, instituted a trespass action against the defendants Catherine Fitzsimmons and Fred Creamer, executors of the Estate of Margaret Brockerhoff (hereinafter called the Estate), to recover damages for injuries allegedly sustained by the plaintiff-wife when she fell while walking on a sidewalk in front of and abutting defendants' premises. The case was tried before a Judge and jury and resulted in a verdict in favor of the plaintiffs in the amount of $20,000. The Estate filed a motion for a new trial and for judgment non obstante veredicto. The Court below denied the mo-

tion for a new trial, but granted judgment n.o.v. From the judgment n.o.v., the Kresoviches took this appeal.

In *Cerino v. Philadelphia*, 435 Pa. 355, 257 A. 2d 571, this Court said (page 357): "In Firestone v. Schmehl, 420 Pa. 644, 218 A. 2d 324, the Court said (page 646): 'It is hornbook law that in considering a motion for judgment n.o.v. the evidence must be considered in the light most favorable to the verdict winner and he must be given the benefit of every reasonable inference of fact arising therefrom and any conflicts in the evidence must be resolved in his favor: Wood v. Conneaut Lake Park, Inc., 417 Pa. 58, 209 A. 2d 268; Bohner v. Eastern Express, Inc., 405 Pa. 463, 175 A. 2d 864.' However, he is not entitled to inferences which amount merely to a guess or conjecture: Wood v. Conneaut Lake Park, Inc., 417 Pa., supra."

Viewed in that light, the facts of this case are as follows:

The accident occurred on December 6, 1963, a clear day, at approximately 8:40 in the morning. At the time of the accident, Pauline Kresovich was walking from St. John's Roman Catholic Church in Bellefonte to her place of employment, Weis Market—a distance of approximately one and one-half blocks. Mrs. Kresovich was well acquainted with the route she had to travel in order to go from the church to her place of employment, since she regularly attended morning religious services at St. John's prior to going to work, and she had been employed at Weis Market for approximately ten years prior to the day of the accident.

Plaintiff-wife testified that she crossed Bishop Street from south to north, at or near its intersection with Cherry Alley.* It was her usual custom to walk near the store windows, or inside portion of the sidewalk, in order to avoid the broken portions of pave-

---

* Sometimes called Perry Alley.

ment which *she knew* had been in a defective condition for a long time prior to the accident. As she was crossing Cherry Alley, she observed, a short distance ahead, an elderly man approaching on the sidewalk. Pauline Kresovich stepped up over the curb onto the sidewalk, and proceeded westwardly. She then looked up and saw that the elderly man was within two feet in front of her. Mrs. Kresovich stepped to the left to avoid the man and tripped on an uneven block of cement. The elderly man, later identified as William Gamber, testified that he could have easily walked past Mrs. Kresovich on the portion of the sidewalk that was in good condition.

The primary issue presented by this appeal is whether the lower Court committed an error of law by declaring the plaintiff-wife contributorily negligent as a matter of law. "We have said again and again that contributory negligence should not be declared as a matter of law except in a very clear case and only where the evidence thereof is so clear and palpable that there is no room for fair and reasonable men to differ in their conclusions as to its existence. Sweigert v. Mazer, 410 Pa. 71, 188 A. 2d 472 (1963)." *Gillingham v. Patz,* 429 Pa. 308, 312, 239 A. 2d 287. See, *Quinn v. Kumar,* 437 Pa. 268, 263 A. 2d 458.

In *Knapp v. Bradford City,* 432 Pa. 172, 247 A. 2d 575, this Court said (page 174) : " '[O]ne who fails to observe a dangerous condition plainly visible and nevertheless proceeds without regard to his own safety must be held guilty of contributory negligence as a matter of law', Miller v. Exeter Borough, 366 Pa. 336, 77 A. 2d 395 (1951). It follows that one who sees such a defect and continues on is likewise contributorily negligent. Plaintiff relies on the long standing corollary of this rule: 'One who, in broad daylight, walks into an obvious defect in a sidewalk is presumptively negligent and the burden is upon that person to show

conditions outside of himself which prevented his seeing the defect, or which would excuse failure to observe it. McDonald v. Mars Borough, 371 Pa. 625, 92 A. 2d 199; Leson v. Pittsburgh, 353 Pa. 207, 44 A. 2d 577; Lerner v. Philadelphia, 221 Pa. 294, 70 A. 755. . . .' Walsh v. Philadelphia, 175 Pa. Superior Ct. 622, 106 A. 2d 851 (1954)." Accord: *Cerino v. Philadelphia*, 435 Pa., supra; *Beil v. Allentown*, 434 Pa. 10, 252 A. 2d 692.

Mrs. Kresovich contends that she has met this burden by presenting testimony which tended to show that her attention was distracted when she was suddenly confronted with the presence of an elderly man, approaching from the opposite direction, directly in front of her. She relies upon several Opinions of this Court and of the Superior Court to support her position: *Knapp v. Bradford City*, 432 Pa., supra; *Pro v. Pennsylvania R.R. Co.*, 390 Pa. 437, 135 A. 2d 920; *Sandherr v. Pottsville*, 201 Pa. Superior Ct. 547, 193 A. 2d 625; *Emmey v. Stanley Company of America*, 139 Pa. Superior Ct. 69, 10 A. 2d 795. However, these cases do not support her claim. This precise argument or contention has previously been considered by this Court and rejected. In *Knapp v. Bradford City*, 432 Pa., supra, this Court said (page 175): "In the cited cases and in every other case the distraction was such that plaintiff was prevented from observing the obvious defect by the distraction. Plaintiff points out no case in which this exception has been extended to one who has already observed the defective condition. To extend the exception so far would be to defeat the 'open and obvious danger' rule altogether. *Plaintiff saw the danger and failed to heed it.*"*

Furthermore, the facts of the case at bar are strikingly similar to *Roth v. Verona Borough*, 316 Pa. 279,

---

* Italics throughout, ours.

175 Atl. 689. In *Roth,* the plaintiff sustained injuries when she stepped into a hole in the sidewalk. The day was clear and dry. Plaintiff testified that *she "knew the sidewalk was rough and uneven, and really wasn't fit to walk on."* It was contended that the hole could have been concealed from plaintiff's view (1) by children running around the pavement and (2) by a man who was walking towards her. When plaintiff and the man came face-to-face, she stepped aside to avoid him and thereby stepped into the hole. This Court held that the plaintiff was contributorily negligent as a matter of law, and pertinently said (page 282): ". . . [S]he was too close to the hole when she stepped into it for either him or the children to have interfered with her seeing it at that time. It is evident she was then giving no heed to her own safety. When she stepped to one side and into the hole, she either saw it or she did not. If she looked she must have then seen it and deliberately or negligently stepped into it . . . . If she did not look, then she neglected her duty in traversing this pavement, which she knew 'really wasn't fit to walk on.' In either event she cannot recover."

Mrs. Kresovich had knowledge that the defendant's sidewalk had been in a defective condition for a long time, and the approach of Gamber did not excuse her stepping into this well-known and plainly obvious defect.

We find no error of law.

Judgment affirmed.

———

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

On December 6, 1963, plaintiff was walking along Bishop Street in Bellefonte, Pennsylvania, on her way to work. She crossed an alley, stepped onto the pavement, looked up and saw an elderly man "directly in front of" her. As she testified at trial "[w]ell, I didn't know where he was going to go, to the right or

to the left . . . So I stepped over and as I went to step over, I tripped on this [indicating broken sidewalk]."[1]

The man to whom she gave way, Mr. Gamber, testified that he was about two feet away from her when she fell, although plaintiff testified that it might have been closer than that. Mr. Gamber also testified that he was walking "pretty fast." In response to a question about whether plaintiff could have passed him without anything happening, Mr. Gamber stated: "She could have passed me going through there, but she would still have to step over that place [indicating a broken part of the sidewalk]." A photograph of the sidewalk, admitted into evidence, shows that the nondefective part of the sidewalk is only one paving block wide, running along the building side of the walk. Testimony introduced at trial was that the sidewalk has been in a state of disrepair for twenty to twenty-five years preceding the accident. There is no question that the evidence amply supports the jury's finding that the defendant was negligent.

Taking the evidence in the light most favorable to the verdict winner, the jury could have found that there was insufficient room for both pedestrians, or at least that the room was small enough to warrant plaintiff ceding the right of way, and thus plaintiff was not acting negligently. In addition, the jury could have found that at the time plaintiff tripped, she was precluded from seeing the defect in the sidewalk because she was intent on avoiding what reasonably appeared to be an impending collision.

In *Knapp v. Bradford City,* 432 Pa. 172, 174, 247 A. 2d 575, 576 (1968), this Court stated: " 'One who,

---

[1] Plaintiff testified to the same effect several times during cross-examination: "As I looked down on the sidewalk, I picked my head up, he was directly in front of me. . . . I was forced into it [the broken part of the sidewalk]. . . . I didn't know which way to go. That man was right directly in front of me."

in broad daylight, walks into an obvious defect in a sidewalk is presumptively negligent and the burden is upon that person to show conditions outside of himself which prevented his seeing the defect, or which would excuse failure to observe it.' " It would appear that the plaintiff in the instant case, by testifying that she was reasonably side-stepping to avoid an approaching pedestrian, has shown a condition outside herself which prevented her from seeing the defect. Compare *Pro v. Pennsylvania R.R. Co.*, 390 Pa. 437, 135 A. 2d 920 (1957) (held: plaintiff not contributorily negligent as a matter of law where distracted by fear of being hit by automobile). Thus under *Knapp*, and *Pro*, if the jury believed plaintiff's testimony that by paying attention to the oncoming pedestrian she was forced to divert her attention from the perilous sidewalk, it could have found her to be free from contributory negligence.

The majority, however, finds that *Knapp*, where recovery was denied to one who "saw the danger and failed to heed it," requires this Court to deny plaintiff her verdict. But I believe that the majority is in error when it applies *Knapp's* principle to the facts of the instant case. In *Knapp* the plaintiff testified that immediately before being distracted she looked down at the curb and saw the dangerous condition there. Despite this knowledge, she continued to walk, her attention distracted by the flow of traffic. Here, however, there is no such testimony. Plaintiff did, of course, know that the walk, in general, was in an abominable condition. After all, it had been in a state of disrepair for twenty to twenty-five years. But, unlike the plaintiff in *Knapp*, she did not first see the defect which caused her fall, and then fail to heed it. Rather, an outside peril kept her from seeing and avoiding the defect. In this respect, the instant case is exactly like *Pro v. Pennsylvania R.R. Co.*, supra, in which the plain-

tiff "was fully aware of the very poor condition of the roadway," but diverted her attention to avoid another danger. 390 Pa. at 440, 135 A. 2d at 921.

In my view the majority is today unwisely and unnecessarily extending *Knapp,* and overruling *Pro,* by holding that plaintiffs who have a general knowledge of a defective sidewalk will be contributorily negligent, as a matter of law, if they trip, despite the fact that they reasonably did not see the offending defect before their fall. The result of such a rule of law will be to allow time to insulate a property owner from liability for his negligence. For the longer he allows defects to exist, the more people will know of the hazard, and, consequently, the more people will be held to have "seen" the danger and failed to heed it, and thus denied recovery.

I cannot agree with such a rule of law, or with the sidewalk injustice perpetrated in this case. The majority's holding today sets up a totally unrealistic and extremely high standard of conduct for the injured pedestrian, forgetting that the reasonable man " 'is not altogether devoid of human frailties.' " *Cerino v. Philadelphia,* 435 Pa. 355, 360, 362, 257 A. 2d 571, 573, 574 (1969) (dissenting opinion). And the majority continues to substitute its idea of due care for that of a jury's, thereby further aggravating the unfair results of the defense of contributory negligence. A jury could very well have found that plaintiff was reasonably attempting to avoid colliding with another pedestrian. Certainly her "conduct was not so plainly and decisively negligent as to justify its being so characterized as a matter of law. As Mr. Justice HOLMES remarked, 'A choice may be mistaken and yet prudent.' Kane v. Worchester Consolidated St. Ry., 1902, 182 Mass. 201, 65 N.E. 54." *Nicholson v. Stroup,* 249 F. 2d 874, 877 (4th Cir. 1957) (SOBELOFF, J.). The majority has forgotten what this Court said thirteen years ago

in *Pro* and in many other cases since: "This Court has frequently held that contributory negligence may be judicially determined only where it is so clear and unmistakable that there is no room for fair and reasonable persons to disagree as to its existence: [citing cases]." 390 Pa. at 441, 135 A. 2d at 922.

I think that this Court should either return to a more realistic view of what constitutes contributory negligence as a matter of law, or abandon the doctrine that contributory negligence bars all recovery. Perhaps it is time that we adopt an approach allowing the jury to reduce the plaintiff's verdict by the amount of his negligence. After all, the doctrine of contributory negligence as a total bar to recovery has been severely, and devastatingly, criticized. See, e.g., W. Prosser, Law of Torts 443-445 (3d Ed. 1964). We already recognize that juries do return compromise verdicts, and we have held that a grant of a new trial as to damages only is improper where there is evidence of such a verdict. See *Gagliano v. Ditzler*, 437 Pa. 230, 263 A. 2d 319 (1970); O'Toole, "Comparative Negligence: The Pennsylvania Proposal," 2 Vill. L. Rev. 474, 475-76 (1957). I think it is time we formally recognize jury compromises and explicitly allow juries to reduce the verdict if the plaintiff was partially at fault. In this way a defendant whose negligence was so gross, blatant, and continuing as it was in the instant case,[2] would not be completely relieved of all liability simply because an unfortunate plaintiff failed to measure up to the extraordinary standard of care which the majority imposes.

Accordingly, I dissent and would reinstate the verdict of the jury.

---

[2] I note that there is apparently no evidence of a compromise verdict in the instant case.