407 A.2d 440

**Frank VILLANO**

v.

**SECURITY SAVINGS ASSOCIATION, Appellant.**

Superior Court of Pennsylvania.

Argued March 20, 1979.

Decided July 13, 1979.

Petition for Allowance of Appeal Denied Dec. 19, 1979.

Arthur Silverblatt, Wilkes-Barre, for appellant.
Joseph J. Ustynoski, Hazleton, for appellee.

Before VAN der VOORT, HESTER and WIEAND, JJ.

HESTER, Judge:

Presently before the court is an appeal from the lower court's order under date of June 8, 1978 denying appellant's motion for judgment n. o. v. or for a new trial.

This was an action in trespass to recover damages for personal injuries sustained as a result of a fall which occurred on or about September 29, 1972 when appellee, a business visitor, tripped and fell while attempting to enter appellant's bank located on Broad Street, in the city of Hazleton, Pennsylvania.

The complaint in trespass was filed August 26, 1974. Said case was tried before a jury in March of 1977. At the close of appellee's testimony, appellant filed a written motion for a compulsory non-suit, which was denied. At the conclusion of appellant's case, appellant requested binding instructions which were similarly denied. Thereafter, the jury brought in a verdict in favor of the appellee and against the appellant in the sum of Twenty-five Thousand ($25,000.00) Dollars. Appellant filed its motions for judgment n. o. v. or a new trial, which motions were denied by order under date of June 8, 1978. It is from this order of the lower court that the instant appeal has been brought.

Appellant contends that the jury did not have sufficient evidence upon which to base a finding of negligence or, in the alternative, that appellee was contributorily negligent as a matter of law and therefore the court erred in failing to grant appellant's motion for a compulsory non-suit.

We agree that appellee was contributorily negligent as a matter of law; that the lower court erred in failing to grant appellant's motion for a compulsory non-suit, and therefore reverse the lower court's order under date of June 8, 1978 and direct that judgment n. o. v. be granted in favor of appellant and against appellee.

Considering the evidence together with all reasonable inferences flowing therefrom in a light most favorable to

the verdict winner, the appellee; and resolving all conflicts in favor of the verdict winner, the appellee; we still must conclude that the evidence was insufficient to sustain the jury's verdict. *Flickinger Estate v. Ritsky*, 452 Pa. 69, 305 A.2d 40 (1973); *Krescovich v. Fitzsimmons*, 439 Pa. 10, 264 A.2d 585 (1970).

■ It is hornbook law in Pennsylvania that a person must look where he is going. In *Lewis v. Duquesne Inclined Plane Co.*, 346 Pa. 43, 44, 28 A.2d 925, 926 (1942), it was stated:

"... If there is anything settled in the law of negligence in Pennsylvania, it is the duty of a person to look where he is walking and see that which is obvious."

After a careful review of the record in this matter, we conclude that appellee was contributorily negligent as a matter of law. The law requires that a person exercise reasonable care and diligence in crossing the street, walking a sidewalk, or as in the instant case, entering a commercial establishment.

Here, appellee, a mortgage customer of appellant, who on the day of the accident, went to appellant's bank to make his monthly mortgage payment, approached the front entrance to the bank which consisted of two stone steps which led to the front doors of the bank building. The sidewalk at the bank's entrance is sloped so that there was a difference in the height of the first step from one end to the other of precisely three inches. Appellant's Exhibit No. 2—(R. 221a). At the time of the accident, appellee attempted to ascend the two stone steps. As he approached the bank building in a westerly direction, he was able to observe only the westerly end of the steps (the part of the steps farthest from him) because the easterly end of the stone steps, the end closest to him and the portion which he subsequently attempted to ascend, was blocked from his view by a bank pillar which protruded out into the pedestrian sidewalk. Appellee contends that although he was aware of the presence of the steps, he was able to observe only that portion of the westerly end of the first entryway step farthest from him,

which because of the slope, was substantially shorter in height than the portion of the step which he ultimately attempted to ascend.

As he attempted his ascent, he tripped on the easterly portion of the front steps at the point where the step was 9¾ inches high. Appellee sustained serious personal injuries. Although appellee was aware that there were steps which he had to ascend to enter the bank (R. 45a) and that the entryway steps did not appear to him to be in any way unusual or out of the ordinary (R. 48a); appellee testified that as he attempted to ascend the first step, the tip of his right foot hit the vertical edge of the first step, twisting his ankle and knocking him to his left and, ultimately causing him to sustain serious personal injuries. Appellee's recollection of how the accident occurred was as follows:

"I made a right turn to go into the bank and as I turned to go into the bank some woman was coming out of the bank here and I went to stop and my foot hit the edge of the first step." (R. 46a)

Appellee testified on cross examination that immediately prior to his attempted ascent to the first step, he was distracted by a woman exiting from the bank:

"Q. Didn't you look down to see where the step was?

A. As I said before, as I turned to go in, this woman was coming down this way (indicating) and that's when I hit the edge of the step.

Q. What did the woman coming down have to do with your not looking at the step?

A. Because I turned on this right side here to turn in (indicating), she was coming down this way and I glanced up at her and as I went in and that's when I hit the edge of that step.

Q. She was the only woman coming out there?

A. That's all.

Q. Because she was coming out there, you glanced up and you didn't look to see where you were going, is that it?

A. That's right, sir." (R. 73a)

Appellee further testified that immediately prior to attempting to ascend the first stone step, he was not looking where he was stepping:

"Q. So you didn't look down?

A. No, I did not, sir.

Q. And you didn't see the step?

A. No, I did not, sir.

Q. And you didn't see the step?

A. No, I did not sir.

Q. The step was perfectly obvious for you to see, wasn't it?

A. Probably.

Q. What do you mean, probably?

A. Well, I guess if I wasn't distracted by her I probably would have watched where I was going.

Q. You say you were distracted by a woman coming out of the bank so, as a result of that, you looked at her instead of looking at the step, isn't that what you're saying?

A. Yes." (R. 75a)

Appellee posits that liability attaches on the theory of negligence against appellant as found in Section 343 of the Restatement of Torts, Second, which provides:

§ 343. Dangerous Conditions Known to or Discoverable by Possessor

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

Concurrently, appellee argues that appellant cannot be relieved of liability nor can he (appellee) be considered to have been contributorily negligent in accordance with Section 343A of the Restatement of Torts, Second, which provides:

§ 343A.   Known or Obvious Dangers

(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

(2) In determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated.

Appellee argues that as a matter of fact the condition involved, to-wit, the relationship of the pillar to the easterly portion of the first stone step which appellee contends obstructed his view of the higher section of said stone step, was not such a *known or obvious* condition so as to relieve appellant of liability.   We do not agree.

Based upon the record before us, we conclude that the proximity between the pillar and the first stone step was an obvious and known condition upon the land and not a concealed danger as appellee contends.

The case of *Rogers v. Max Azen, Inc.*, 340 Pa. 328, 16 A.2d 529 (1941) and the illustration (1) under Restatement of Torts, Second, 343A, appears to control the instant appeal.

Finally, we conclude that although *McMillan v. Mountain Laurel Racing, Inc.*, 240 Pa.Super. 248, 367 A.2d 1106 (1976) contains an accurate summary of the present state of the law of the Commonwealth on the issues raised in the case at bar, we find that *McMillan* (supra) is non-dispositive since same is distinguishable on its facts.

Therefore, we conclude that appellee was guilty of contributory negligence as a matter of law; that that contributory negligence was a contributing or substantial factor resulting in the personal injuries sustained by appellee, and therefore the lower court erred in denying appellant's motion for compulsory non-suit.

Because of our determination on the issue of appellee's contributory negligence, it is unnecessary at this time for us to address the other issues raised in appellant's appeal.

Judgment reversed consistent with the foregoing.