Commonwealth *v.* Kendig, Appellant.

Argued June 12, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

140

*Wayne G. Hummer, Jr.,* Public Defender, for appellant.

*H. Rutherford,* Assistant District Attorney, with him *D. Richard Eckman,* Assistant District Attorney, and *Clarence C. Newcomer,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., September 11, 1969:

Appellant Lynne Stevenson Kendig, Jr., was convicted by a jury on four indictments charging burglary and larceny. At his trial, the Commonwealth introduced into evidence a written incriminating statement of one Donald Tankesley, an alleged accomplice who previously pleaded guilty to similar indictments. The confession named appellant as Tankesley's partner in all of the crimes for which appellant was tried. Appellant contends that introduction of the confession as evidence of his guilt was error requiring a new trial.

Tankesley, as a witness for the Commonwealth, testified that he alone committed the crimes and appellant did not participate. The District Attorney, pleading surprise, requested leave to cross-examine. When this request was denied, Tankesley was shown the confession implicating appellant for the purpose of "refreshing his recollection." Although Tankesley stated that he had an independent recollection and that the con-

fession was false insofar as it implicated appellant, the court directed it admitted into evidence and read aloud by Tankesley to the jury.

The Commonwealth concedes that the statement was not admitted for the limited purpose of impeaching Tankesley's credibility. However, it argues that it was admissible as evidence of appellant's guilt under the evidentiary rules governing the use of written memoranda to refresh recollection.*

The limitations upon the use of written memoranda to refresh recollection are stated in *Miller v. Exeter Borough*, 366 Pa. 336, 342, 77 A. 2d 395 (1951): "Where a witness has a present recollection of a past event, although his memory is refreshed by a memorandum made at the time of the event, he testifies from such recollection; but where he has no present recollection of such past event, even when aided by his memorandum, the latter itself may be offered in evidence, on proof by the witness of his knowledge of its accuracy when made . . . ."

Under *Miller,* the foundation for admitting a document as a recording of a witness's recollection of past events is laid *only* if, after reviewing the document, the witness testifies (1) he has no present recollection and (2) he knows the writing to be accurate.

Neither of these conditions was met here. Tankesley had an independent recollection of the crimes and indicated that the statement falsely implicated appellant.

Essentially, the confession in the instant case was admitted and disclosed to the jury before it was pri-

---

* There is no other ground for admission of the confession. The Commonwealth cannot rely upon the exception to the hearsay rule allowing introduction of admissions of co-conspirators since the confession was given to the police after the termination of the conspiracy. *Commonwealth v. Ellsworth,* 409 Pa. 505, 187 A. 2d 640 (1693).

vately reviewed by the witness to refresh his recollection. Implicit in *Miller* is the notion that the contents of the memorandum may not be disclosed to the jury until after the witness has himself reviewed it and indicated whether his recollection is refreshed.

As Tankesley had an independent recollection of appellant's involvement, he was required to testify from that recollection and the contents of the confession could be disclosed to the jury only through this testimony. In so testifying, Tankesley was permitted to refer to the confession. However, although *permitted* to utilize a writing, a witness having an independent recollection cannot be *required* to disclose its contents to the jury. *Commonwealth v. Smith*, 178 Pa. Superior Ct. 251, 259, 115 A. 2d 782 (1955). As it is the recollection of the witness which has probative force, the extent to which a witness refers to the writing in his testimony is primarily within his discretion. A trial court surely may curb *excessive* reliance upon a writing, but it has no authority to *order* a witness to read the memorandum, especially where, as in this case, the recollected version of the facts contradicts the writing.

We cannot agree with the court below that admission of the confession was harmless. The contents of the confession, naming appellant as a participant in the crimes, was highly prejudicial. In its charge, the court stressed the importance of the confession and on three occasions instructed the jury that it could consider it as evidence of appellant's guilt. Moreover, the confession was sent out with the jury for use during its deliberations. Admission of the confession was error. Cf., concurring opinion of President Judge WRIGHT, *Commonwealth v. Wilkerson*, 204 Pa. Superior Ct. 213, 203 A. 2d 235 (1964).

The judgment of sentence is reversed and a new trial is granted.