

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-2005

# Coles v. Folino

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2669

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Coles v. Folino" (2005). *2005 Decisions.* Paper 96.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/96

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No.  04-2669

_____

BERNARDO COLES,

Appellant

v.

LOUIS S. FOLINO; THE DISTRICT
ATTORNEY OF THE COUNTY OF
BERKS; THE ATTORNEY GENERAL
OF THE STATE OF PA

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 03-cv-04227)
District Judge: Honorable Charles R. Weiner

_____

Submitted Under Third Circuit LAR 34.1(a)
September 30, 2005

Before: ALITO, and AMBRO, <u>Circuit Judges</u>
RESTANI,* <u>Chief Judge</u>

(Opinion filed  December 19, 2005)

_____

OPINION

_____

_____

       * Honorable Jane A. Restani, Chief Judge, United States Court of International
Trade, sitting by designation.

AMBRO, Circuit Judge

Bernardo Coles appeals an order of the United States District Court for the Eastern District of Pennsylvania denying his *habeas corpus* petition filed pursuant to 28 U.S.C. § 2241. For reasons provided below, we affirm the decision of the District Court.

## I. Factual Background and Procedural History

At the close of a jury trial in the Berks County Court of Common Pleas on October 7, 1988, Coles was convicted of robbery, attempted murder, criminal conspiracy, firearms carried without a license, aggravated assault, simple assault, theft, and receiving stolen property. As a result of those convictions, the trial judge sentenced Coles to an aggregate term of seventeen and a half years to thirty-five years incarceration. He timely filed a notice of appeal to the Superior Court of Pennsylvania. Coles then filed a *pro se* petition for relief under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. § 9541 *et seq*. He voluntarily dismissed his PCRA petition as his direct appeal was still pending. The Superior Court of Pennsylvania affirmed the judgment of Coles' sentence and no further direct appellate review was sought.

Coles then filed an amended PCRA petition. After numerous changes in appointed counsel and multiple addenda and amendments to his PCRA petition for relief, Coles filed a federal *habeas* petition. The United States District Judge adopted the Magistrate Judge's Report and Recommendation and dismissed the petition on August 26, 1994.

Returning back to Commonwealth courts, on April 18, 2000, and subsequent to several additional changes in counsel and amended pleadings, Coles filed an Amended Revised Post Conviction Petition in the Berks County Court of Common Pleas. Following an evidentiary hearing, it denied that petition. On appeal, the Superior Court of Pennsylvania affirmed that decision and the Supreme Court of Pennsylvania denied Coles' request for allowance of appeal.

Coles then filed another petition for a writ of *habeas corpus* in federal district court raising several claims of ineffective assistance of counsel. On May 19, 2004, the District Court entered a Memorandum Opinion and Order denying the relief sought in the petition but granting the issuance of a certificate of appealability as to all issues raised. This appeal followed.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction under 28 U.S.C. §§ 2241 and 2254 and we exercise jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. Because the District Court ruled on Coles' *habeas* petition without conducting an evidentiary hearing, our review of the District Court's decision is plenary. *See Jacobs v. Horn*, 395 F.3d 92, 99 (3d Cir. 2005) (citing *Marshall v. Hendricks*, 307 F.3d 36, 50 (3d Cir. 2002)).

We apply the same standards as the District Court, as mandated by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to

3

> any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Jacobs*, 395 F.3d at 99; *Marshall*, 307 F.3d at 50. A federal *habeas* court must presume that a state court's findings of fact are correct. 28 U.S.C. § 2254(e)(1). The petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id*.

A state court decision is contrary to Supreme Court precedent under § 2254(d)(1) where the state court reached a "'conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'" *Marshall*, 307 F.3d at 51 (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). A state court decision is an unreasonable application under § 2254(d)(1) if the court "identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme Court's precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Gattis v. Snyder*, 278 F.3d 222, 228 (3d Cir. 2002) (citing *Williams*, 529 U.S. at 407).

AEDPA's deferential standards of review do not apply "unless the federal claim

4

'was adjudicated on the merits in State court proceedings' 28 U.S.C. § 2254(d)." In cases where the AEDPA standards of review do not apply, federal *habeas* courts apply pre-AEDPA standards of review. *Id.* Prior to AEDPA, federal *habeas* courts conducted a *de novo* review over pure legal questions and mixed questions of law and fact. *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). In such circumstances, the state court's factual determinations are still presumed to be correct, rebuttable upon a showing of clear and convincing contrary evidence under § 2254(e)(1). *Id.*

### III. Analysis

On appeal, Coles challenges the District Court's denial of *habeas* relief on the following claims of ineffective assistance of trial counsel:

(1) Failure to obtain Alexander Ramsey's statement prior to trial;
(2) Failure to object when Ramsey read his prior statement into the record;
(3) Failure to object when the prosecution allegedly "vouched" for Ramsey's credibility;
(4) Failure to object to or move for a mistrial based upon the prosecution's reference to Coles' incarceration;
(5) Failure to disclose a potential conflict of interest and secure Coles' waiver of that conflict; and
(6) Failure to call Joseph Clayton Harris Lightfoot as a defense witness.

Ordinarily, to prevail on an ineffective assistance of counsel claim, a *habeas* petitioner must satisfy the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a defendant must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance." *Id.* at 688. Second, if counsel was deficient, "the defendant must show that there is a reasonable

5

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Thus, under *Strickland*, "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id*. at 692.

Under Pennsylvania law,

[t]here are three elements to a valid claim of ineffective assistance. [Commonwealth courts] inquire first whether the underlying claim is of arguable merit; that is, whether the disputed action or omission by counsel was of questionable legal soundness. If so, [the court] ask[s] whether counsel had any reasonable basis for the questionable action or omission which was designed to effectuate his client's interest. If he did, [the] inquiry ends. If not, the appellant will be granted relief if he also demonstrates that counsel's improper course of conduct worked to his prejudice, i.e., had an adverse effect upon the outcome of the proceedings.

*Commonwealth v. Davis*, 541 A.2d 315, 318 (Pa. 1988). To establish prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Commonwealth v. Pierce*, 527 A.2d 973, 974 (Pa. 1987). Moreover, there is a presumption that counsel acted effectively and the burden is on the defendant to demonstrate otherwise. *Id*.

In this case, the trial court held, and the Superior Court affirmed, that Coles failed to establish a claim under Pennsylvania's standard for ineffective assistance of counsel. Applying the federal *Strickland* standard to the PCRA factual determinations, the District

6

Court reached the same conclusion. Our review of the record convinces us that Coles has failed to establish either that the performance of trial counsel was deficient or that he suffered any prejudice.

Coles alleges that trial counsel was ineffective for (1) failing to object to the prosecution calling Alexander Ramsey as a witness and (2) allowing the introduction of Ramsey's written statement because the Commonwealth had not disclosed to defense counsel prior to trial that Ramsey was a potential witness. The PCRA court held that any objection would have been meritless because the Commonwealth was not required under the discovery rules to provide either the names of witnesses who were not eyewitnesses to the crime or statements given by individuals who were not eyewitnesses. *See* Pa. R. Crim. P. 305(B)(1) & (2); *Commonwealth v. Buehl*, 508 A.2d 1167, 1180 (Pa. 1967) (holding that defendants are not entitled to statements of prosecution witnesses in advance of trial where witnesses were not eyewitnesses). It is undisputed that Ramsey was a jailhouse informant, not an eyewitness. Thus, the prosecution was under no obligation to disclose that it planned to call Ramsey. Moreover, while it is impermissible to use a written statement to substantiate a witness's trial testimony, *Commonwealth v. Swint*, 412 A.2d 507, 511-12 (Pa. 1980), Ramsey simply could have recounted the information he provided the trooper who took his written statement, effectively admitting the same information contained in that statement. Alternatively, if he had trouble recalling the information in his statement, it could have been used to refresh his

7

recollection. *Commonwealth v. Kendig*, 257 A.2d 354, 355-56 (Pa. Super. Ct. 1969).[1]

Therefore, nothing suggests that Coles was prejudiced by defense counsel's failure to object to Ramsey's appearance or the admissibility of the contents of his written statement.

Mr. Coles also asserts that trial counsel was ineffective for failing to object or move for a mistrial when the prosecution asked Ramsey questions in an attempt to bolster his trustworthiness and for failing to object when the Commonwealth allegedly improperly "vouched" for Ramsey during closing argument. These contentions are unpersuasive. The prosecution is entitled to rehabilitate a witness following defense counsel's attack on that witnesses's credibility on cross-examination. *Commonwealth v. Sneed*, 526 A.2d 749, 754-56 (Pa. 1987) (holding Commonwealth may introduce polygraph results to rehabilitate a witness subsequent to defense counsel's credibility attack). The record establishes that it was only after defense counsel cross-examined Ramsey regarding his bail status that the prosecutor attempted to rehabilitate him on redirect. Moreover, it is permissible for a prosecutor to comment on a witness's credibility during closing argument so long as no personal opinions are expressed.

---

[1]As contended by the Commonwealth, Ramsey's written statement would have been admissible under several other scenarios as well. For instance, if Ramsey could not recall making the statement at all, it could be admitted as evidence under the "past recollection recorded" exception to the hearsay rule. *Commonwealth v. Cargo*, 444 A.2d 639 (Pa. 1982). Alternatively, the statement could have been admitted on redirect examination in an effort to rehabilitate Ramsey because trial counsel attacked his veracity during cross-examination. *Commonwealth v. Koehler*, 737 A.2d 225 (Pa. 1999).

*Commonwealth v. Barren*, 462 A.2d 233, 235 (Pa. 1983). Accordingly, any objection raised by defense counsel during Ramsey's redirect testimony or during the prosecution's closing argument on the basis that the prosecution was impermissibly "vouching" for Ramsey would have been overruled.

Coles next contends trial counsel was ineffective for failing to object or move for a mistrial when several references were made during his trial proceedings regarding the fact that he was incarcerated. This is because the admission of testimony that details (or from which the jury could reasonably infer) past criminal conduct on the part of the defendant is reversible error. *Commonwealth v. Martin*, 387 A.2d 835, 838 (Pa. 1978). However, where the defendant's confinement is the result of the case on trial, such references are not improper. *Commonwealth v. Coppenhefer*, 719 A.2d 242, 253 (Pa. 1998). The record makes clear that all references made during trial regarding Coles' jail time concerned his incarceration for the current case as opposed to confinement for some prior criminal activity. Thus, those references were not improper and defense counsel was not ineffective for failing to object to them during the course of the trial proceedings.

Coles further argues that trial counsel was ineffective by failing to disclose that he was representing Ramsey at the same time he was representing Coles and/or by failing to seek and obtain the informed consent of Coles regarding the dual representation and/or by failing to withdraw from representation. Trial counsel entered his appearance for Coles on May 2, 1988. He had previously entered his appearance for Commonwealth witness

9

Ramsey on April 8, 1988 and withdrew on July 12, 1988 when another attorney entered an appearance on Ramsey's behalf. Therefore, it is accurate that trial counsel represented both Coles and Ramsey for a brief period of time. It is also undisputed, however, that trial counsel did not represent Ramsey on October 6-7, 1988, when he cross-examined Ramsey. Moreover, trial counsel was unaware that Ramsey would eventually be called to testify against Coles at the time of dual representation because the prosecution never disclosed to defense counsel that Ramsey would be called prior to Coles' trial. Thus, Coles has failed to establish any live conflict of interest.

As acknowledged by the Pennsylvania courts in this matter, Rule 1.9 of the Rules of Professional Conduct requires counsel to refrain from using information from a former client to assist a current client to the former client's advantage. Here, however, no information gathered during trial counsel's representation was used on cross-examination. Thus, Rule 1.9 was not violated. Indeed, had trial counsel used information gathered during his representation of Ramsey during cross, such a violation of Rule 1.9 necessarily would have worked to Coles' advantage because at the time trial counsel was attempting to discredit Ramsey. For these reasons, Coles cannot demonstrate that the outcome of the proceedings would have been different but for trial counsel's brief period of dual representation. Thus, the District Court properly denied *habeas* relief on this issue.

Coles' final argument is that trial counsel provided ineffective assistance by calling Lightfoot as a defense witness in light of the fact that his testimony incriminated

10

Coles. At trial, Lightfoot testified that he is Coles' half-brother and that, on the night of the crime, he overheard Coles telling Wendall Saunders, "you should not have shot that man." Lightfoot thus presented testimony that Saunders – not Coles – was the individual responsible for the attempted murder of the victim at the crime scene. Coles' theory of the case was that he did not commit, but rather Saunders committed, the crimes of which Coles was accused. Moreover, although Lightfoot's testimony indicated to the jury that Coles was present when the victim was shot, this evidence had already been presented to the jury by the victim. Because defense counsel had a reasonable basis for calling Lightfoot (that is, to establish that Saunders was the triggerman) and any inculpatory testimony provided by Lightfoot's testimony was already admitted by the victim, there is no evidence to support Coles' theory that the testimony of Lightfoot prejudiced him.[2]

\* \* \* \* \*

For the reasons provided above, Coles has failed to establish that he is entitled to federal *habeas* relief. Accordingly, the District Court's denial of his *habeas* petition is affirmed.

---

[2]Coles also maintains that he is entitled to *habeas* relief because the Commonwealth courts' inordinate delay in deciding his PCRA petition was a violation of procedural due process. Coles, however, failed to raise his due process claim in the District Court. Indeed, this issue first appeared in Coles' *pro se* response to the Commonwealth's answer, effectively denying the Commonwealth any opportunity to review the claim. The issue has not been decided by the District Court and was not included in the certificate of appealability. As we have made clear on many occasions, when a petitioner fails to raise a claim before the District Court, that issue is deemed waived and we will not address it. *See, e.g.*, *Carpenter v. Vaughn*, 296 F.3d 138, 148 (3d Cir. 2002).