REICHLEY, J.,
This is a premises liability action wherein plaintiff alleges she was injured when she struck a large trash container on wheels located in a hallway of defendants’ premises. Defendants filed a motion for summary judgment on the basis that plaintiff cannot recover for her injuries as a matter of law. For the reasons set forth herein, defendants’ motion is granted.
Factual and Procedural History
According to the complaint, plaintiff, a fifty-six-year-old woman, was participating in a “Life Sharing Program.” This program involved her sharing her home with two mentally challenged individuals. On November 12, 2012, plaintiff escorted two adult “life shares,” a male and a female, to the male’s appointment with defendant Lehigh Valley Urology Specialty Care. The male individual suffered from cerebral palsy, so plaintiff was pushing him in a wheelchair. Plaintiff testified during her deposition that the male was heavy, so she had to put effort into moving him. The female with them held open the door to defendant’s suite for the appointment so that plaintiff could push the male inside. Down the hallway from that area, some individuals were doing construction, which plaintiff observed as they entered the suite.
After the appointment, plaintiff opened the door and walked backward out of the office pulling the wheelchair. *367 She turned to her right and backed into a large trash receptacle, which the parties refer to as a “dumpster.” The receptacle was “smack right at the edge of the hall door,” according to plaintiff’s deposition. (Deposition of Linda Meckel, December 12, 2014, at 65.) Photographs submitted to the court show that the receptacle was located just to the right of the door to the suite when looking at the suite from the outside. Plaintiff acknowledged in her deposition that the area was sufficiently lit and she did not look around behind or to her sides as she backed out. Plaintiff claims striking the dumpster caused a shock to her nervous system and she needed to have surgeries as a result of hitting it.
On January 9, 2014, plaintiff filed a complaint in the within action. Discovery proceeded and the instant motion for summary judgment was filed March 11, 2015.
The court heard argument on April 14, 2015, at which time all parties were represented by counsel. At the close of the argument, the court took the matter under advisement.
This opinion follows.
Standard of Review
Before the court is a motion for summary judgment. The standard for summary judgment is well-established.
A court may grant a motion for summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Bronson v. Horn, 830 A.2d 1092 (Pa. Cmwlth. 2003), *368 affd, 577 Pa. 653, 848 A.2d 917 (2004), cert. denied, 543 U.S. 944, 125 S.Ct. 369, 160 L.Ed.2d 257 (2004). The right to judgment must be clear and free from doubt. Id. In reviewing the granting of a motion for summary judgment, this court must “view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.” Pappas v. Asbel, 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001).
Lambert v. Katz, 8 A.3d 409, 413 n.3 (Pa. Cmwth. 2010).
Discussion
Defendants’ motion for summary judgment asserts plaintiff’s premises liability claim fails as a matter of law. It is uncontested that plaintiff’s legal status was that of an invitee for premises liability purposes. An invitee is someone who is “invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public.” Restatement (Second) of Torts §332 (1965). As a general rule, possessors of land are not liable to invitees for physical harms caused to them by activities or conditions on the land whose danger is known or obvious to them unless the possessor should anticipate the harm despite such knowledge or obviousness. Restatement (Second) of Torts, § 343A.
A danger is deemed to be “obvious” when “both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and *369 judgment.” Carrender v. Fitterer, 469 A.2d 120, 123-24 (Pa. 1983) (citation omitted). “For a danger to be ‘known,’ it must not only be known to exist, but...also be recognized that it is dangerous and the probability and gravity of the threatened harm must be appreciated.” Id. at 124.
The question of whether conditions on land were in fact open and obvious is generally a question of fact for a juiy to decide. Id. It may, however, be decided by a court where reasonable minds could not differ as to the conclusion. Id.; see also Long v. Manzo, 682 A.2d 370, 373 (Pa. Super. 1996) (citation omitted) (issues of plaintiff’s knowledge of condition creating unreasonable risk of harm usually for jury to decide, but may be decided by court where reasonable minds could not differ).
Aunique factor in this case is that plaintiff acknowledged that she was walking backward when she exited the office suite of Lehigh Valley Urology Specialty Care. As the Superior Court of Pennsylvania has long observed, “if there is anything settled in the law of negligence in Pennsylvania, it is the duty of a person to look where he is walking and see that which is obvious.” Villano v. Sec. Sav. Ass’n, 407 A.2d 440, 441 (Pa. Super. 1979) (quoting Lewis v. Duquesne Inclined Plane Co., 28 A.2d 925, 926 (Pa. 1942)). While there is a relative paucity of case law offering comparable factual circumstances, federal cases applying Pennsylvania law to premises liability actions consistently find that summary judgment is warranted and appropriate where a person fails to look behind him- or herself when walking backward. See, e.g., Graham v. *370 Moran Foods, Inc., 2012 WL 1808952 (E.D. Pa. 2012) (as a matter of law, a pallet on the ground in a supermarket was an obvious condition that plaintiff did not see because she walked backward without looking where she was going).
For purposes of summary judgment, defendants concede that the trash receptacle was located outside the office suite and was placed there during the time plaintiff was inside. Defendants further do not contest for purposes of summary judgment that plaintiff exited the suite and injured herself when she encountered the trash receptacle. Despite this, the operative fact is that plaintiff admits she did not look behind her while backing out of the office into the hallway. In plaintiff’s deposition, the following exchange occurred:
Q. ...So now describe for me, after you checked out and you were preparing to leave, what happened?
A. Due to the fact that [the female life share who accompanied plaintiff and the male life share to the male’s appointment] was having some hard time opening up the door, I went and I opened up the door. And I was backing out of the office with the gentleman in the wheelchair, and my woman was in front — I guess you can say in front of him because it was me, him in the wheelchair, and then her. In other words, I came out first, and then the wheelchair, and then the woman.
Q. Okay. So because you were backwards, you and the woman were face to face?
*371 A. Correct.
Q. And the patient in the wheelchair was obviously backwards?
A. Correct.
Q. So you were facing the same direction as him?
A. Correct.
Q. As she came up in front of the wheelchair, did she take the door from you?
A. No. The door was — I had the door the whole time.
Q. Okay.
A. Until I turned, and then I think — truthfully, I’m not exactly sure.
Q. Do you remember which way the door opened?
A. The door opened to the out.
Q. Okay. So just so this is clear on the record, if you’re walking backwards through the door —
A. Um-hum.
Q. — did the door open to your left or your right?
A. This would be my —
Q. So to your left?
A. That would be to my left. Right. Yeah. If I was walking backwards, yeah. I’m correct, it was to my left.
*372 Q. Okay. So your recollection is the door opened to your left. Were you — as you initially opened the door, were you walking straight back out of the door or on an angle?
A. I was walking straight out of the door, and then I turned.
Q. Okay. Which direction did you turn? To your left or your right?
A. To my right.
Q. So your — when you turned to your right, did you continue walking backwards to your right, or did you turn and go forward to your right?
A. I continued walking backwards because, at the time, [the female “life share”] was coming out of the door. And then I backed up a little, and that’s when I hit the dumpster because she was coming out of the door. In other words — this is hard to explain.
The dumpster was smack right at the edge of the hall door — of the hall, and I didn’t — I didn’t see that it was there. And when I turned to let her out, I backed up just a little so she could get out, and the door was there, to make sure she got out the door okay, that it wouldn’t swing shut on her.
(Deposition of Linda Meckel, December 12, 2014, at 63-66.)
Shortly after that exchange, plaintiff testified as follows:
*373 Q. And when you were backing out of the door, before you started backing up, did you look over your shoulder or look behind you?
A. No.
Q. When you came into contact with the dumpster, did you know what it was when you first hit it?
A. I — I looked.
Q. Okay, but before you hit it, you hadn’t seen it?
A. No.
Q. So you didn’t know what it was initially?
A. Correct.
(Id. at 75-76.)
Accordingly, plaintiff acknowledged at her deposition that she was walking backward out of the office suite and did not look where she was going. While the “dumpster” was not in the hallway just outside the suite when plaintiff originally arrived, that fact does not obviate plaintiff’s obligation to look where she was going. Because there is no genuine issue of material fact that plaintiff did not look behind her while walking backward out of defendants’ office suite, plaintiff cannot successfully pursue her claim against defendants and summary judgment is appropriate.
Conclusion
Because plaintiff admits she was not looking where she was going while walking backward, she is precluded from *374 recovering in this case as a matter of law. Accordingly, summary judgment is granted in favor of defendants and against plaintiff and the case is dismissed.